IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEGATEL HOMES, LLC, MEGATEL HOMES II, LLC, and MEGATEL HOMES III, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:20-cv-00688-L |
| MEHRDAD MOAYEDI, UNITED DEVELOPMENT FUNDING, L.P., UNITED DEVELOPMENT FUNDING II, L.P., UNITED DEVELOPMENT FUNDING III, L.P., UNITED DEVELOPMENT FUNDING IV, UNITED DEVELOPMENT FUNDING INCOME FUND V, UMT SERVICES, INC., UMT HOLDINGS, L.P., HOLLIS GREENLAW, THEODORE F. ETTER, BENJAMIN WISSINK, and BRANDON JESTER, | § § § § § § § § § § § § § | |
| Defendants. | § § | |

**HOLLIS GREENLAW, BENAJMIN WISSINK, AND BRANDON JESTER'S
<u>REPLY SUPPORTING THEIR MOTION TO DISMISS</u>**

Defendants Hollis Greenlaw ("Greenlaw"), Benjamin Wissink ("Wissink"), and Brandon Jester ("Jester") file this Reply Supporting their Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 10(c), Greenlaw, Wissink, and Jester adopt by reference and incorporate into this reply the UDF Entities[1] and Theodore F. Etter's Reply Brief Supporting their Motion to Dismiss (the "UDF Entities and Etter's Reply") [Doc No. 25].

---

[1] As used herein, the term "UDF Entities" refers collectively to United Development Funding, L.P., United Development Funding II, L.P., United Development Funding III, L.P., United Development Funding IV, United Development Funding Income V, UMT Services, Inc., and UMT Holdings, L.P.

**HOLLIS GREENLAW, BENJAMIN WISSINK, AND BRANDON JESTER'S REPLY BRIEF SUPPORTING
THEIR MOTION TO DISMISS – Page 1**

In their Response to Motion to Dismiss of Hollis Greenlaw, Benjamin Wissink, and Brandon Jester [Doc No. 28] (the "Response"), Plaintiffs Megatel Homes, LLC, Megatel Homes II, LLC, and Megatel Homes III, LLC ("collectively, "Megatel") argue that Rule 10(c) does not permit incorporation of a motion to dismiss by reference. *See* Response at 1-2. Instead, Megatel asks that the Court treat Greenlaw, Wissink, and Jester's Motion to Dismiss as if they joined the motion to dismiss and supporting briefing filed by the UDF Entities and Etter. *See id.*, at 2.

Greenlaw, Wissink, and Jester maintain that incorporation of the motion to dismiss and brief in support and the reply filed by the UDF Entities and Etter was and is appropriate under Rule 10(c).[2] However, in the event that the Court opts to treat Greenlaw, Wissink, and Jester's motion to dismiss as if they joined the motion to dismiss and supporting brief filed by the UDF Entities and Etter (as requested by Megatel), Greenlaw, Wissink, and Jester also request that the Court treat this Reply as if they joined the UDF Entities and Etter's Reply.

## PRAYER FOR RELIEF

Greenlaw, Wissink, and Jester request that the Court grant their Motion to Dismiss Megatel's claims against them with prejudice. Should the Court allow Megatel to replead, Greenlaw, Wissink, and Jester ask the Court to order Megatel to file a RICO Case Statement along

---

[2] District courts—including those in the Fifth Circuit—routinely permit parties to adopt motions to dismiss and briefs in support filed in the same case by reference under Rule 10(c). *See, e.g., Crankshaw v. City of Elgin*, No. 1:18-CV-75-RP, 2019 WL 3883565, at *5 n.5 (W.D. Tex. Jan. 14, 2019) (individual defendant filed a motion to dismiss in which he adopted the arguments presented in his employer's motion to dismiss pursuant to Rule 10(c)); *Ricci v. Cleveland Indep. Sch. Dist.*, No. 11-CV-02957, 2012 WL 2935200, at *2 n.4 (S.D. Tex. July 17, 2012) (defendants' motion to dismiss plaintiff's second amended complaint adopted and incorporated by reference their previous motion to dismiss and brief in support, pursuant to Rule 10(c)); *see also Borman v. Shamrock Energy Solutions, LLC*, 421 F. Supp. 3d 382, 387 (E.D. La. 2019) (considering defendants' memoranda in support of their motion to dismiss in ruling on a subsequently-filed motion for summary judgment); *Shuler v. Regency House of Wallingford, Inc.*, No. 3:05CV480 (RNC), 2006 WL 118383, at *1 (D. Conn. Jan. 13, 2006) ("Plaintiff mistakenly contends that the second motion to dismiss should be summarily denied because defendant failed to timely file an accompanying memorandum of law. The second motion to dismiss incorporates by reference the memorandum filed in support of the fist motion, as permitted by Fed. R. Civ. P. 10(c), which is sufficient."); *Lowden v. William M. Mercer, Inc.*, 903 F. Supp. 212, 216 (D. Mass. 1995).

with its amended complaint.  Greenlaw, Wissink, and Jester further request any additional relief to which they may be entitled.

        Respectfully submitted,

        **HALLETT & PERRIN, P.C.**

        */s/ Stewart H. Thomas*
        Stewart H. Thomas
        State Bar No. 19868950
        E-mail:  sthomas@hallettperrin.com
        Leland C. de la Garza
        State Bar No. 05646600
        Email: ldelagarza@hallettperrin.com
        Elizabeth A. Fitch
        State Bar No. 24075777
        Email:  efitch@hallettperrin.com
        David M. Hammack
        State Bar No. 24092476
        E-mail:  dhammack@hallettperrin.com
        1445 Ross Avenue, Suite 2400
        Dallas, Texas 75202
        Telephone:  214.953.0053
        Facsimile:  214.922.4142

        **ATTORNEYS FOR DEFENDANTS HOLLIS GREENLAW, BENJAMIN WISSINK, AND BRANDON JESTER**

## **CERTIFICATE OF SERVICE**

On July 31, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served Plaintiff's counsel of record, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Randy D. Gordon
RGordonb@btlaw.com
State Bar No. 00797838
Victor Vital
vvital@btlaw.com
State Bar No. 00794798
Lucas C. Wohlford
lwohlford@btlaw.com
State Bar No. 24070871
Barnes & Thornburg LLP
2121 North Pearl Street, Suite 700
Dallas, Texas 75201
Telephone:  (214).258-4200
Facsimile:  (214).258-4199

*/s/ Stewart H. Thomas*
Stewart H. Thomas

580117