IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEGATEL HOMES, LLC, MEGATEL HOMES II, LLC, and MEGATEL HOMES III, LLC | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:20-cv-00688-L |
| MEHRDAD MOAYEDI, UNITED DEVELOPMENT FUNDING, L.P., UNITED DEVELOPMENT FUNDING II, L.P., UNITED DEVELOPMENT FUNDING III, L.P., UNITED DEVELOPMENT FUNDING IV, UNITED DEVELOPMENT FUNDING INCOME FUND V, UMT SERVICES, INC., UMT HOLDINGS, L.P., HOLLIS GREENLAW, THEODORE F. ETTER, BENJAMIN WISSINK, and BRANDON JESTER | § § § § § § § § § § § § | |

**PLAINTIFFS' MOTION TO COMPEL RULE 26(f) CONFERENCE**

Plaintiffs, Megatel Homes, LLC, Megatel Homes II, LLC, and Megatel Homes III, LLC (collectively "Megatel" or "Plaintiffs") file this Motion to Compel Rule 26(f) Status Conference, and in support thereof would respectfully show the Court the following:

**BACKGROUND**

1. Plaintiffs filed their original Complaint in this case on March 20, 2020. *See* ECF Doc. 1. Plaintiffs allege that Defendant Mehrdad Moayedi, in concert with the other defendants, operated Centurion American Custom Homes d/b/a Centurion American Development Group ("Centurion") through a pattern of racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

2. Moayedi was served on March 24, 2020, and counsel for Moayedi first appeared on April 8, 2020. *See* ECF Docs. 5 and 7. Defendants UMT Holdings, LP, UMT Services, Inc.,

United Development Funding, LP, United Development Funding II, LP, United Development Funding III, LP, United Development Funding IV, LP and United Development Funding Income Fund V were all served on March 26, 2020, and counsel for these defendants first appeared on April 8, 2020.  *See* ECF Docs. 6 and 7.  Defendant Hollis Greenlaw executed a waiver of service on May 25, 2020, *see* ECF Doc. 22, and Defendants Benjamin Wissink and Brandon Jester executed waivers of service on May 27, 2020. *See* ECF Docs. 20 and 21.

3. Moayedi filed a Motion to Dismiss on May 18, 2020. *See* ECF Doc. 17.  The parties completed briefing on this motion on June 22, 2020.  *See* ECF Docs. 23 and 26.

4. Etter, UMT Holdings LP, UMT Services Inc, United Development Funding II LP, United Development Funding III LP, United Development Funding IV, United Development Funding Income Fund V, and United Development Funding LP filed a separate Motion to Dismiss on May 18, 2020.  *See* ECF Docs. 18 and 19.  The parties completed briefing on this motion on June 22, 2020.  *See* ECF Doc. 25.

5. Greenlaw, Jester, and Wissink filed a third Motion to Dismiss on June 26, 2020. *See* ECF Doc. 27.  The parties completed briefing on this motion on July 31, 2020.  *See* ECF Docs. 28 and 29.

6. On December 16, 2020, media outlets reported that the FBI executed a search warrant at the home of Centurion's Chief Operations Officer, Sean Terry, on December 1, 2020. *See* https://www.dmagazine.com/frontburner/2020/12/celina-mayor-sean-terry-raided-by-fbi/ (mentioning a development project identified in the Complaint as being tainted by Defendants' fraud).

7. On January 13, 2021, counsel for Plaintiffs requested dates on which counsel for the Defendants would be available to hold a conference pursuant to Federal Rule of Civil

Procedure 26(f).  Counsel for the Defendants informed Plaintiffs' counsel that they did not believe a Rule 26(f) conference was appropriate or required because: (1) the Court has not yet entered a Status Report Order; and (2) the Defendants' motions to dismiss remain pending before the Court. For these reasons, Defendants have refused to participate in a Rule 26(f) conference.

## ARGUMENT AND AUTHORITIES

8.  Federal Rule of Civil Procedure 26(f)(1) provides: "Except in a proceeding exempt from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

9.  Under Rule 16(b)(2), "[t]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

10. "Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved." *Escareno ex rel. A.E. v. Lunbdbeck, LLC*, No. 3:14-cv-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) (citing *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 WL 2930482, at * 1 (N.D. Tex. July 23, 2008)).  "In fact, such a stay is the exception rather than the rule." *Id.* "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Id.*

11. Thus, under the Federal Rules, there must be good cause to postpone the entry of a scheduling order or to stay discovery.  *See* Fed. R. Civ. P. 16(b)(2); *see also* Fed. R. Civ. P.

26(c)(1); *Glazer's*, 2008 WL 2930482, * 1 ("A federal district court has discretion to stay discovery 'for good cause shown'").

12.     Here, Moayedi was served on March 24, 2020, and counsel for various Defendants first appeared on April 8, 2020. *See* ECF Docs. 5 and 7. Under Rule 16(b)(2), absent a finding of good cause for delay, a scheduling order was required to be issued by June 7, 2020, and, under Rule 26(f), the parties were required to confer no later than May 17, 2020.

13.     Although the Court's Specific Requirements state that a "joint status report shall be filed (not mailed) not later than 29 days after the date of the Status Report Order," nothing in the Court's Specific Requirements prohibits the parties from holding the Rule 26(f) conference and submitting a Joint Status Report and discovery plan before the entry of a Status Report Order. Thus, the Court's Specific Requirements do not constitute an order that alters or postpones the deadline for the parties to confer under Rule 26(f).

14.     Finally, the mere fact that Defendants have filed motions to dismiss does not, itself, constitute good cause to postpone the Rule 26(f) conference, the entry of a scheduling order, or the commencement of discovery. This is particularly true here, as this case has been pending for nearly 10 months and the Chief Operations Officer of the alleged RICO enterprise was recently raided by the FBI. In light of these recent events, it is imperative that Plaintiffs be permitted to commence discovery, and that cannot happen until the parties hold the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1).

15.     Accordingly, Plaintiffs respectfully request that the Court enter an order compelling Defendants to participate in the Rule 26(f) conference within 7 days of the Court's order, and authorizing the parties to commence discovery following the Rule 26(f) conference.

## CONCLUSION

16. For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order compelling Defendants to participate in a Rule 26(f) conference within 7 days and authorizing the parties to commence discovery following the Rule 26(f) conference.

Dated: January 15, 2021

Respectfully submitted,

BARNES & THORNBURG LLP

By: */s/ Randy D. Gordon*
Randy D. Gordon
State Bar No. 00797838
RGordon@btlaw.com
Victor Vital
State Bar No. 00794798
vvital@btlaw.com
Lucas C. Wohlford
State Bar No. 24070871
lwohlford@btlaw.com
2121 North Pearl Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 258-4200
Facsimile: (214) 258-4199

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 13, 2021, counsel for Plaintiffs conferred with counsel for Defendants regarding the relief requested above. Counsel indicated that Defendants oppose this motion, and take the position that a Rule 26(f) conference is neither appropriate nor required at this time.

*/s/ Randy D. Gordon*
Randy D. Gordon

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served on counsel for all parties of record through the CM/ECF system in accordance with the Federal Rules of Civil Procedure on January 15, 2021.

*/s/ Randy D. Gordon*
Randy D. Gordon
