IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEGATEL HOMES, LLC; MEGATEL HOMES II, LLC; and MEGATEL HOMES III, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:20-CV-00688-L** |
| MEHRDAD MOAYEDI; UNITED DEVELOPMENT FUNDING, L.P.; UNITED DEVELOPMENT FUNDING II, L.P.; UNITED DEVELOPMENT FUNDING III, L.P.; UNITED DEVELOPMENT FUNDING IV; UNITED DEVELOPMENT FUNDING INCOME FUND V; UMT SERVICES INC.; UMT HOLDINGS, L.P.; HOLLIS GREENLAW; THEODORE F. ETTER; BENJAMIN WISSINK; and BRANDON JESTER, | § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Mehrdad Moayedi's Motion to Dismiss (Doc. 17), filed May 18, 2020. After careful consideration of the motion, briefs, pleadings, and applicable law, the court, for the reasons stated herein, **grants** Defendant Mehrdad Moayedi's Motion to Dismiss (Doc. 17), and **grants** Plaintiffs leave to **amend** their Original Complaint ("Complaint") (Doc. 1). The amended pleading must be filed by **November 29, 2021**.

## I.    Factual and Procedural Background

On March 20, 2020, Plaintiffs Megatel Homes, LLC, Megatel Homes II, LLC, and Megatel Homes III, LLC (collectively, "Plaintiffs" or "Megatel"), filed their Complaint (Doc. 1) against

Defendants Mehrdad Moayedi ("Defendant" or "Mr. Moayedi"), United Development Funding, L.P., United Development Funding II, L.P., United Development Funding III, L.P., United Development Funding IV, United Development Funding Income Fund V, UMT Services, Inc., UMT Holdings, L.P. (collectively "UDF"), Hollis Greenlaw, Theodore F. Etter, Benjamin Wissink, and Brandon Jester.  This case arises out of an alleged scheme by Mr. Moayedi and UDF to defraud Megatel.  Accordingly, Plaintiffs assert seven claims against Defendants:

1.  Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a);

2.  RICO, 18 U.S.C. § 1962(b);

3.  RICO, 18 U.S.C. § 1962(c);

4.  RICO, 18 U.S.C. § 1962(d);

5.  Common Law Fraud/Fraudulent Inducement;

6.  Statutory Fraud; and

7.  Aiding and Abetting Fraud.

*See* Pls.' Compl. 22-26.

The facts as alleged by Megatel are as follows: United Development Funding, L.P. was founded in 2003 as an investment fund to finance residential development projects.  *Id.* at 2, ¶ 2. Between 2003 and 2014, the other UDF entities were created for the same purpose.  *Id.*  From UDF's inception, Centurion American Custom Homes ("Centurion") and its affiliates, all land development companies, were some of UDF's largest borrowers—at one point constituting over one-half of the portfolios of the latter UDF iterations.  *Id.* ¶ 3.  Each of these entities are "companies founded, operated, and controlled by Defendant Moayedi."  *Id.*  During this time, "Centurion frequently contracted with Megatel to serve as a primary builder on land development projects predominately financed by UDF."  *Id.* ¶ 4.  By 2011, however, Centurion and UDF had

experienced financial trouble because of the Great Recession, so Mr. Moayedi and UDF "surreptitiously and behind closed-doors schemed to keep themselves afloat." *Id.* ¶ 5.  In short, Moayedi "fraudulently induced" Megatel to enter into various real estate contracts and amendments to obtain "earnest money and other benefits from Megatel" to repay his UDF loans. *Id.* at 3, ¶ 6.  Ultimately, "Defendants syphoned hundreds of millions of dollars off loans intended for the development of projects for which Megatel had contracted for their own personal enrichment."  *Id.* at 4, ¶ 9.

In his Motion, Mr. Moayedi seeks dismissal of Megatel's claims because, according to him, the Complaint fails to: (1) satisfy RICO's "racketeering" requirement; (2) satisfy the "pattern" requirement; (3) adequately allege a RICO "enterprise;" (4) allege a substantive RICO violation; (5) satisfy RICO's injury and proximate cause requirements; (6) satisfy RICO's conspiracy requirement; and (7) adequately plead common law or statutory fraud.  Defendant further argues that Plaintiffs' RICO claims are barred by the statute of limitations and fraud claims are barred by the economic loss rule.

Megatel responds that they have sufficiently pleaded each of the claims alleged in their Complaint.  Megatel further contends that their claims are not barred by the applicable statute of limitations or the economic loss rule.  Alternatively, in the event that the court identifies deficiencies in their pleadings, Megatel requests leave to amend.

## II.   Standards

### A.  Rule 12(b)(6) – Failure to State a Claim and Statute of Limitations Defense

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v.*

*Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429,

431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'"  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a

plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

### B.  Rule 9(b) – Heightened Standard for Pleading Fraud

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.,* No. 3:10-CV-1747-B, 2011 U.S. Dist. LEXIS 65912, at *7, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996)).  Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010).  "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997).  "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Williams*, 112 F.3d at 179).

### III.  Discussion

### A.  Introduction

Mr. Moayedi contends that Megatel's claims against him should be dismissed pursuant to Rules 12(b)(6) and 9(b).  Specifically, he argues that his motion to dismiss should be granted

because, according to him, Plaintiffs fail to adequately plead the predicate acts of racketeering activity; a pattern of racketeering; a RICO enterprise; an injury to their business or property and proximate causation; a substantive RICO violation; a RICO conspiracy; or common law and statutory fraud.  Moreover, Mr. Moayedi argues that Megatel's claims are barred by the applicable statute of limitations and the economic loss rule.  For the reasons stated herein, the court determines that there are several deficiencies in Megatel's pleadings.  Therefore, the court will grant Defendant's motion to dismiss, and allow Plaintiffs to amend their pleadings.

## B.  Racketeering Activity

"Racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (citing *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996)) (internal quotation marks omitted).  Mr. Moayedi contends that Megatel failed to "adequately plead the predicate acts of 'racketeering activity' necessary for a substantive RICO claim."  Def. Mot. 6.  Conversely, Megatel argues that they adequately allege that, as part of his scheme to defraud it, Mr. Moayedi engaged in interstate transportation of stolen property as well as mail and wire fraud.  Pls.' Resp. 8.  Racketeering activity means, inter alia, "any act which is indictable under . . . [18 U.S.C. §] 1341 (relating to mail fraud), section 1343 (relating to wire fraud), . . . [and] section[] 2314 [] (relating to interstate transportation of stolen property)."  18 U.S.C. § 1961(1)(B).  The Rule 9(b) requirement that fraud claims be pleaded with particularity "applies to the pleading of fraud as a predicate act in a RICO claim," including mail and wire fraud.  *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992).

**1.  Interstate Transportation of Stolen Property Under 18 U.S.C. § 2314**

To survive Mr. Moayedi's motion to dismiss pursuant to Rule 12(b)(6) as to their interstate transportation of stolen property allegation, Megatel must set forth sufficient allegations to support an inference that Mr. Moayedi engaged in "(1) the interstate transportation of (2) goods, merchandise, wares, money, or securities valued at $5,000 or more and (3) with knowledge that such items have been stolen, converted, or taken by fraud." *United States v. Onyiego*, 286 F.3d 249, 253 (5th Cir. 2002).[1]  Mr. Moayedi contends that Plaintiffs state "no facts to support the contention that [he] committed the offense of interstate transportation of stolen property."  Def. Mot. 6.  Megatel, however, has alleged facts to support an inference that money valued at $5,000 or more was knowingly stolen, converted, or taken by fraud, satisfying the latter elements of this claim.  Pls.' Resp. 7.  Megatel has alleged facts sufficient to support an inference that Mr. Moayedi fraudulently induced them to enter into several contracts under which they paid entities affiliated with him several million dollars in earnest money that he ultimately converted for his own enrichment,[2] *see* Pls.' Compl. 4, ¶ 9; 8-21, ¶ 35, however, Megatel fails to allege any facts to support an inference that any of this money was transported interstate.  Conclusory allegations are not a sufficient basis for a court to draw inferences.  *See Phillips*, 401 F.3d at 642.  As such, Plaintiffs have failed to adequately plead enough facts to support an inference that Defendant committed interstate transportation of stolen property.

---

[1] Defendant incorrectly directs the court to *United States v. Wainright*, 351 F.3d 816, 822 (8th Cir. 2003), for the elements of an interstate transportation of stolen property claim in violation of 18 U.S.C. § 2314, as the Fifth Circuit defines this offense as stated in *Onyiego*, cited above.

[2] More precisely, Megatel claims that Mr. Moayedi caused the fraudulent conversion of $1,300,000 in earnest money on the Creeks of Legacy contract and $500,000 they refunded to Centurion on the Little Elm contract.  Pls.' Compl. 17, ¶ 35bb; 20-21, ¶ 35mm.

### 2.  Wire Fraud Under 18 U.S.C. § 1343

To survive Mr. Moayedi's motion to dismiss pursuant to Rule 12(b)(6) as to their wire fraud claim, Megatel must set out sufficient allegations to support an inference that there existed "(1) a scheme to defraud and (2) the use of interstate communications in furtherance of the scheme." *United States v. Gordon*, 780 F.2d 1165, 1171 (5th Cir. 1986) (citing *United States v. Cowart*, 595 F.2d 1023, 1031 n.10 (5th Cir. 1979)).  Megatel adequately alleges facts to support an inference that a scheme to defraud it existed.  They allege that Mr. Moayedi, along with UDF, schemed to induce them to enter into contracts with entities affiliated with Mr. Moayedi to use the funds provided by Megatel to "prop each other up," instead of performing under the contracts. Pls.' Compl. 4, ¶ 9; 8-21, ¶ 35.  Megatel fails, however, to allege any facts that allow the court to infer the use of interstate communications in furtherance of the scheme alleged.  Moreover, Megatel's pleadings fail to comply with Rule 9(b) on this issue.  "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Servs.*, 975 F.2d at 1139 (citation omitted).  As Defendant points out, Plaintiffs do "not allege the locations from which any alleged representations were made and there are no facts to suggest that any wire communication crossed state lines."[3]  Def. Mot. 7.  Without these factual allegations, it cannot be said that the Complaint states a claim for wire fraud with sufficient particularity to survive Mr. Moayedi's motion to dismiss pursuant to 12(b)(6) or 9(b).

---

[3] Megatel asserts that "when a court believes that the interstate nature of wire communications is a genuinely disputed issue, the plaintiff is entitled to so-called *Becher* discovery." Pls.' Resp. 9-10 (citing *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 290 (1st Cir. 1987)).  Plaintiffs have not directed the court to— nor has the court found—any cases from the Fifth Circuit that support this asserted entitlement.

### 3. Mail Fraud Under 18 U.S.C. § 1341

To survive Mr. Moayedi's motion to dismiss pursuant to Rule 12(b)(6) as to their mail fraud claim, Megatel must set out sufficient allegations to support an inference that Mr. Moayedi: (1) "having devised or intending to devise any scheme or artifice to defraud," (2) used the mail "for the purpose of executing such scheme or artifice or attempting so to do." *See Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008) (citing § 1341). As previously discussed, Megatel has adequately alleged that Mr. Moayedi devised a scheme to defraud them. Additionally, Megatel has alleged sufficient facts to support an allegation that he used the mail to execute that scheme. Plaintiffs allege that Defendant either personally sent or caused an affiliate entity to send letters to induce them to enter into contracts he did not intend to perform under or terminate those contracts in furtherance of the scheme. *See* Pls.' Compl. ¶ 35n, aa, bb, ii, and jj. Megatel has also pleaded each of Mr. Moayedi's alleged predicate acts of mail fraud with adequate particularity to allow the court to infer the "who, what, when, where, and how" of each act. *See id.*; *see also Benchmark Elecs., Inc.*, 343 F.3d at 724. Therefore, Plaintiffs allege sufficient facts with particularity to allow the court to infer that Defendant committed mail fraud, and, thus, survives Defendant's motion to dismiss pursuant to Rule 12(b)(6) and 9(b) as to this claim.

### C. Pattern of Racketeering

To survive Defendant's motion to dismiss, Plaintiffs must adequately plead a "pattern of racketeering activity." *See Abraham*, 480 F.3d at 355 (citing *Word of Faith*, 90 F.3d at 122). To adequately plead a RICO pattern, Plaintiffs must also show "that the predicate[] [acts] themselves amount to, or [] otherwise constitute a threat of, *continuing* racketeering activity." *H.J. Inc. v. Northwest Bell Tel. Co.*, 492 U.S. 229, 240 (1989) (emphasis in original). "'Continuity' is both a closed and open-ended concept, referring either to a closed period of repeated conduct, or to past

conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241; *Abraham*, 480 F.3d at 355.    Plaintiffs can demonstrate open-ended continuity by either establishing a "specific threat of repetition extending indefinitely into the future" or "that the predicate[] [acts] are a regular way of conducting the defendant's ongoing legitimate business." *Word of Faith*, 90 F.3d at 122.    Alternatively, closed-ended continuity can be demonstrated through "a series of related predicate[] [acts] extending over a substantial period of time." *H.J. Inc.*, 492 U.S. at 230. Mr. Moayedi contends that Plaintiffs have not adequately pleaded facts to show either open or closed-ended continuity.    Def. Mot. 10-11.    Megatel has adequately alleged facts to support an inference that Mr. Moayedi committed four predicate acts of mail fraud over a period of approximately five years, or from 2014 to 2019.    *See* Pls.' Compl. ¶ 35n, aa, bb, ii, and jj.    The Fifth Circuit has previously held that a period of "nearly four years" is a substantial period.    *United States v. Bustamante*, 45 F.3d 933, 941 (5th Cir. 1995).    Moreover, Megatel has pleaded sufficient facts to support an inference that each of Mr. Moayedi's acts of mail fraud was related to his ongoing scheme to defraud them, demonstrating closed-ended, continuing racketeering activity. The court need not, therefore, address whether Megatel has adequately alleged open-ended continuity.    As such, the court determines that Megatel has pleaded sufficient facts to support an inference of a pattern of racketeering activity.

### D.  RICO Enterprise

A RICO enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961.  Generally, "[a] RICO enterprise can be either a legal entity or an association-in-fact."  *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995) (citing *Manax v. McNamara*, 842 F.2d 808, 811 (5th Cir. 1988)).  The parties dispute whether the Complaint adequately alleges a legal

entity or association-in-fact enterprise.  *See* Def. Mot. 12-14; Pls.' Resp. 12-13; Def. Reply 5-6.

"A legal entity is one that has sufficient existence in legal contemplation that it can function

legally, be sued or sue and make decisions through agents as in the case of corporations."  *Bonner*

*v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998) (citation and internal quotation marks omitted).

An association-in-fact enterprise, however, is "simply a continuing unit that functions with a

common purpose."  *Boyle v. United States*, 556 U.S. 938, 948 (2009).  It need not have a

hierarchical structure, fixed roles, or even a name.  *Id.*

> While the group must function as a continuing unit and remain in existence long
> enough to pursue a course of conduct, nothing in RICO exempts an enterprise
> whose associates engage in spurts of activity punctuated by periods of quiescence.
> Nor is the statute limited to groups whose crimes are sophisticated, diverse,
> complex, or unique; for example, a group that does nothing but engage in extortion
> through old-fashioned, unsophisticated, and brutal means may fall squarely within
> the statute's reach.

*Id.*  Plaintiffs allege that Centurion and its affiliates—which Mr. Moayedi controlled—operated as

a land development entity (or "unit").  *See* Pls.' Compl. 2, ¶ 3.  Additionally, Megatel sufficiently

alleges that Mr. Moayedi used this "unit" to induce it to enter into contracts and amendments or to

terminate contracts for his own "personal enrichment," as part of the alleged scheme.  *See* Pls.'

Compl. 3, ¶ 3; 4-5, ¶ 8; *see generally* ¶ 35.  Although Plaintiffs contend that they have not

specifically alleged that an association-in-fact enterprise existed, Pls.' Resp. 13, they have pleaded

sufficient facts to support an inference that one existed as a matter of law.

### E.  Injury and Causation

The RICO statute creates a civil cause of action for "any person injured in his business or

property by reason of a violation" of any prohibited activity under the statute.  18 U.S.C. § 1964(c).

"The plaintiff's injury must be 'conclusive' and cannot be 'speculative.'"  *Gil Ramirez Grp., L.L.C.*

*v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 409 (5th Cir. 2015) (quoting *In re Taxable Mun. Bond*

*Sec. Litig.*, 51 F.3d 518, 523 (5th Cir. 1995)).  Megatel alleges that Mr. Moayedi's conduct in furtherance of the conspiracy caused them to lose millions of dollars in earnest money and other benefits, including development opportunities they would have otherwise been entitled to under several contracts that Mr. Moayedi induced Megatel to enter into as part of the alleged fraudulent scheme.  *See* Pls.' Compl. 4, ¶ 9; 17, ¶ 35bb, ll, mm.  Therefore, Megatel adequately alleges facts to support an inference that they were injured by Mr. Moayedi's alleged activity prohibited under the RICO statute (that is, mail fraud).

Moreover, RICO "makes a private right of action available to '[a]ny person injured in his business or property by reason of a violation' of RICO's substantive restrictions, § 1964(c), provided that the alleged violation was the proximate cause of the injury." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) (citing *Holmes v. Sec. Inv. Prot. Crop.*, 503 U.S. 258, 268 (1992).  The "central question" a court must consider in determining whether proximate causation exists for a RICO claim "is whether the alleged violation led directly to the plaintiff's injuries." *Anza*, 547 U.S. at 461.  Here, Megatel has adequately alleges facts to allow the court to reasonably infer that Mr. Moayedi's alleged mail fraud led directly to their injury.

### F. Substantive RICO Violations

#### 1. 18 U.S.C. § 1962(a)

"To state a claim under § 1962(a), [Megatel must] plead: '(1) the existence of an enterprise, (2) [Mr. Moayedi's] derivation of income from a pattern of racketeering activity, and (3) the use of any part of that income in acquiring an interest in or operating the enterprise.'" *North Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 202 (5th Cir. 2015) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000)).  Megatel must also allege sufficient facts to "show a nexus between the claimed violations and injury." *Id.* (citing

*Williamson*, 224 F.3d at 441).  The alleged injury "must flow from the use or investment of racketeering income."  *Williamson*, 224 F.3d at 441.  "[A]lleging an injury solely from the predicate racketeering acts themselves is not sufficient because § 1962(a) does not prohibit those acts."  *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 929 (5th Cir. 2002); *Cigna Healthcare*, 781 F.3d at 202.

As previously discussed, Megatel has pleaded sufficient facts to support an inference that an enterprise exists.  Additionally, Megatel has sufficiently alleged that Mr. Moayedi derived income from a pattern of racketeering activity (namely, mail fraud based on the sufficiency of their current pleadings).  The Complaint includes allegations that Mr. Moayedi used the mail on multiple occasions for the purpose of executing his alleged scheme to defraud Megatel by appropriating funds they paid for various real estate development contracts that were ultimately terminated.  *See* Pls.' Compl. ¶ 35n, aa, bb, ii, and jj.  Further, Plaintiffs have adequately alleged that Defendant used part of that income in operating the enterprise.  For example, according to the Complaint:

> On or about January 29, 2012 Megatel identified a plot of land in Little Elm and spent significant resources conducting due diligence and obtaining zoning approvals. Megatel purchased the Little Elm land from its owner and simultaneously sold it to Centurion in reliance on Moayedi's promise that Centurion would develop lots on the land and, in turn, sell those lots to Megatel. Centurion borrowed $5.5 million from UDF to finance this purchase. Megatel refunded approximately $500,000 of the purchase price to Centurion to finance development costs. Moayedi promised that Centurion would credit this $500,000 toward Megatel's earnest money obligation when Megatel ultimately purchased finished lots on the land from Centurion for $65,000 average per lot. Moayedi never intended to perform as promised. Centurion leveraged the increase in land value to take on significant debt from UDF, which was collateralized by the land. However, since any sale of lots developed from the land would need to pay down this debt burden, Megatel would not be able to purchase any lots from Centurion for a low enough amount to make them profitable, and certainly more than the promised $65,000 per lot. Thus Centurion simply refused to pursue the promised deal with

> Megatel while fraudulently retaining the improvements generated by Megatel and Megatel's deposit.

*Id.*at 20-21, ¶ 35mm.  As such, Megatel has pleaded sufficient facts to show a nexus between the alleged mail fraud and the injury they suffered, including loss of earnest money and development opportunities, to which they would have otherwise been entitled.  Plaintiffs, therefore, have stated a claim under § 1962(a).

### 2.   18 U.S.C. § 1962(b)

"To state a claim under § 1962(b), [Megatel must] show that their injuries 'were proximately caused by a RICO person gaining an interest in, or control of, the enterprise through a pattern of racketeering activity'—a nexus requirement."  *Cigna Healthcare*, 781 F.3d at 202 (quoting *Abraham*, 480 F.3d at 357).  The court determines that Megatel has not pleaded sufficient facts to support an inference that a nexus exists between their alleged injuries and Mr. Moayedi "gaining an interest in, or control of, the enterprise through a pattern of racketeering activity."  *See id.*  According to the Complaint, Mr. Moayedi already "operated and *controlled*" the alleged enterprise prior to the alleged racketeering activity.  *See* Pls.' Compl. 2, ¶ 3 (emphasis added).

### 3.   18 U.S.C. § 1962(c)

"To state a claim under § 1962(c), [Megatel must] demonstrate, among other things, 'that the RICO person is distinct from the RICO enterprise.'"  *Id.* (quoting Abraham, 480 F.3d at 357).  Stated differently, this section "prohibits any person employed by or associated with any *enterprise* from participating in or conducting the affairs of the enterprise through a pattern of racketeering activity."  *Abraham*, 480 F.3d at 357 (quoting *Crowe*, 43 F.3d at 205) (internal quotation marks omitted) (emphasis in original).  The court determines that Megatel has adequately pleaded facts to allow the court to reasonably infer that Mr. Moayedi, a person associated with the alleged

"Centurion Enterprise," committed mail fraud directly or through several entities of the alleged enterprise. *See* Pls.' Compl. ¶ 35n, aa, bb, ii, and jj. Therefore, Megatel has adequately stated this claim.

### G. RICO Conspiracy Under 18 U.S.C. § 1962(d)

To state a claim under § 1962(d), Megatel must allege sufficient facts to support an inference "(1) that two or more people agreed to commit a substantive RICO offense and (2) that [Mr. Moayedi] knew of and agreed to the overall objective of the RICO offense." *United States v. Sharpe*, 193 F.3d 852, 869 (5th Cir. 1999) (citing *United States v. Posada-Rios*, 158 F.3d 832, 857 (5th Cir. 1998)); *Cigna Healthcare*, 781 F.3d at 203; *Chaney v. Dreyfus Service Corp.*, 595 F.3d 219, 239 (5th Cir. 2010). "[T]he core of a RICO civil conspiracy is an agreement to commit predicate acts," thus, the complaint must "allege specifically such an agreement." *Tel-Phonic Servs.*, 975 F.2d at 1140 (citation omitted). Furthermore, "a person cannot be held liable for a RICO conspiracy 'merely by evidence that he associated with other . . . conspirators or by evidence that places the defendant in a climate of activity that reeks of something foul.'" *Chaney*, 595 F.3d at 239 (quoting *Posada-Rios*, 158 F.3d at 857) (citing *Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534 (5th Cir. 2007)). "Direct evidence of agreement is unnecessary: 'proof of such an agreement may rest upon inferences drawn from relevant and competent circumstantial evidence ordinarily the acts and conduct of the alleged conspirators themselves.'" *United States v. Elliott*, 571 F.2d 880, 903 (5th Cir. 1978) (quoting *United States v. Morado*, 454 F.2d 167, 174 (5th Cir. 1972)); *Ranieri v. AdvoCare Int'l, L.P.*, 336 F. Supp. 3d 701, 717 (N.D. Tex. 2018).

As previously discussed, Megatel has properly pleaded under §§ 1962(a) and (c). To adequately plead a RICO conspiracy, they must still allege sufficient facts to allow the court to reasonably infer an agreement between Mr. Moayedi and the other Defendants to commit the

alleged substantive RICO offenses.  Plaintiffs have alleged facts suggesting that Mr. Moayedi and

the other Defendants had financial incentives to carry out his alleged scheme to defraud Megatel.

*See* Pls.' Compl. 4, ¶ 9.  To further the alleged fraudulent scheme, Megatel alleges that Mr.

Moayedi and other Defendants:

> *participated in weekly meetings* and were in constant contact regarding the above-
> described pattern of racketeering, and agreed to facilitate the operation of the
> Centurion Enterprise through the above-described pattern of racketeering and for
> the purpose of defrauding Megatel. Among other things, *UDF and its principals*
> *facilitated the above-described pattern of racketeering by orchestrating the*
> *diversion of funds from Megatel projects, directing Moayedi to use loans from*
> *newer UDF funds to repay loans from older UDF funds, and failing to enforce*
> *personal guarantees and other rights against Moayedi to prevent the collapse of*
> *the Centurion Enterprise and to enable him to perpetrate the above-described*
> *pattern of fraud against Megatel.*

*Id.* at 24, ¶ 56 (emphasis added).  These alleged facts support an inference of such requisite

agreement to sustain a finding of an adequately pleaded RICO conspiracy.  The court, therefore,

will not grant Defendant's motion to dismiss on this ground.

### H.  Common Law and Statutory Fraud

Megatel alleges in their Complaint that Mr. Moayedi committed common law fraud—

specifically fraudulent inducement—and statutory fraud, in violation of section 27.01 of the Texas

Business and Commerce Code.  *See* Pls.' Compl. 24-25.  Texas law recognizes "two types of

common-law fraud: (1) simple fraud, also known as fraudulent misrepresentation, and (2)

fraudulent inducement." *Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d

633, 660 (W.D. Tex. 2019).  "Fraudulent inducement is a particular species of fraud that arises

only in the context of a contract and requires the existence of a contract as part of its proof."

*Polyflow, L.L.C. v. Specialty RTP, L.L.C.*, 993 F.3d 295, 304 (5th Cir. 2021) (citation omitted);

*Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001).  To state a claim of common law fraud under

Texas law, a plaintiff must set forth allegations from which the court can infer: "(1) a material misrepresentation; (2) that is false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with the intention that it should be acted upon by another party; (5) relied upon by the other party, and (6) causing injury." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Jag Media Holdings Inc. v. A.G. Edwards & Sons Inc.*, 387 F. Supp. 2d 691, 709 (S.D. Tex. 2004); *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).  The court determines that Megatel has alleged facts to support an inference as to each element of this claim, except as to the fourth element.  Plaintiffs have not alleged sufficient facts to allow the court to infer that Mr. Moayedi made a material misrepresentation *with the intent* that Megatel act on it.

"The elements of statutory fraud under section 27.01 are essentially identical to the elements of common law fraud except that the statute does not require proof of knowledge or recklessness as a prerequisite to the recovery of actual damages." *Brush v. Reata Oil & Gas Corp.*, 984 S.W.2d 720, 726 (Tex. App.—Waco 1998, pet. denied). Section 27.01 of the Texas Business and Commerce Code provides:

> Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a
>
> > (1) false representation of a past or existing material fact, when the false representation is
> >
> > > (A)  made to a person for the purpose of inducing that person to enter into a contract; and
> > >
> > > (B) relied upon by that person in entering into that contract.

Tex. Bus. & Com. Code § 27.01(a)(1).  "That statute, by its own terms, applies only to fraud in real estate or stock transactions." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir.

2008) (citations omitted).  Similarly, Megatel has not sufficiently pleaded facts to support an inference that Mr. Moayedi made a false representation *for the purpose* of inducing them to enter into a contract.  The court cannot properly draw such an inference from Plaintiffs' repeated conclusory statement that Mr. Moayedi's "intention in making this fraudulent representation was to induce Megatel to forgo their contractually guaranteed right to terminate the agreement."  *See Phillips*, 401 F.3d at 642.  Moreover, Megatel has not pleaded either of these fraud claims with the particularity required under Rule 9(b), as the court is unable to ascertain from the pleadings the "who, what, when, where, and how" with respect to each fraud claim.  *See Benchmark Elecs., Inc.*, 343 F.3d at 724.

## I.   Statute of Limitations

Civil RICO claims are subject to a four-year statute of limitations period.  *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 152 (1987) (applying the four-year statute of limitations under the Clayton Act to civil RICO claims).  "When a pattern of RICO activity causes a continuing series of separate injuries, the 'separate accrual' rule allows a civil RICO claim to accrue for each injury when the plaintiff discovers, or should have discovered, that injury."  *Love v. National Med. Enterprises*, 230 F.3d 765, 773 (5th Cir. 2000) (citing *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1102 (2d Cir. 1988)).  Stated differently, the separate accrual rule provides that "a plaintiff may sue for any injury he discovers or should have discovered within four years of the commencement of his suit, regardless [of] when the RICO violation causing such injury occurred."  *Id.* (citing *Bankers Trust*, 859 F.2d at 1103).  The rule does not apply, however, if the plaintiff "knows or should know of the fraud."  *DeShazo v. Nations Energy Co. Ltd.*, 286 F. App'x 110, 117 (5th Cir. 2008) (citing *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 186-87 (1997)).

Megatel filed this suit on March 20, 2020. As such, the most recent discovered or discoverable injury in the alleged pattern of RICO activity must have occurred on or after March 20, 2016, for this suit to be timely. The most recent injury adequately alleged in the Complaint related to a sufficiently pleaded predicate act that occurred on or about December 14, 2018. Pls.' Compl. 17, ¶ 35bb. On its face, therefore, Megatel's Complaint appears to be within the applicable statute of limitations because it was filed within two years of the most recent, adequately pleaded injury. Moreover, the court is not persuaded that Plaintiffs knew or should have known of the alleged fraudulent scheme prior to March 20, 2016, as the record does not support such a determination.[4] Plaintiffs' claims related to injuries that occurred prior to March 20, 2016, are not facially within the statute of limitations and would ordinarily be dismissed as a consequence. *See, e.g.*, *id.* ¶ 35mm. Megatel has, however, set forth factual allegations in their Complaint to support their contention that Defendants, including Mr. Moayedi, "engaged in a persistent and protracted pattern of fraud to conceal the overall [alleged] fraudulent scheme and other misconduct" as a basis for tolling the statute of limitations. *See Jones*, 339 F.3d at 366; Pls.' Compl. 21, ¶ 38. Therefore, the court determines that Plaintiffs' RICO claims are not time-barred.

### J.  Economic Loss Rule

The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007) (citing *Southwest Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991). "Tort damages *are* recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff

---

[4] Plaintiffs do state that "[p]rior to 2015, Megatel perceived their relationship with Centurion and UDF to be incredibly successful and lucrative," but they do not provide any insight as to what occurred in or about 2015 to change their previously held perception. *See* Pls.' Compl. 2, ¶ 5.

**Memorandum Opinion and Order - Page 20**

only suffers an economic loss related to the subject matter of the contract." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (emphasis added). Plaintiffs' claims for damages based on fraudulent inducement, therefore, would not be ordinarily barred under the economic loss rule; however, Megatel has failed to adequately plead their common law fraud claim, as previously discussed. Therefore, the economic loss rule bars such recovery unless this deficiency is cured.

## V.    Amendment of Pleadings

In response to Mr. Moayedi's motion to dismiss, Megatel requests leave to amend their pleadings in the event the court identifies any deficiencies in their Complaint. Pls.' Resp. 21. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp*., 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc*., 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). As Plaintiffs have not previously amended their pleadings, the court determines that Mr. Moayedi will not suffer undue prejudice if Megatel is permitted to amend their pleadings. Therefore, Plaintiffs will be permitted to amend their pleadings with respect to the deficiencies herein stated. In repleading any claim, Plaintiffs must plead sufficiently in accordance with standards set forth in section II of this opinion.

**Memorandum Opinion and Order - Page 21**

## VI.  Conclusion

For the reasons herein stated, the court **grants** Defendant's Motion to Dismiss (Doc. 17), and **grants** Plaintiffs leave to **amend and file** their Complaint (Doc. 1) by **November 29, 2021**. Specifically, Plaintiffs must amend the following claims: (1) that Defendant committed the predicate acts of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314, and wire fraud, in violation of 18 U.S.C. § 1343; (2) that Defendant violated 18 U.S.C. § 1962(b); (3) common law fraud; and (4) statutory fraud.  If the amended pleading fails to cure the deficiencies noted by the court, Plaintiffs' deficient claims will be dismissed with prejudice pursuant to Rule 12(b)(6).

**It is so ordered** this 16th day of November, 2021.

Sam A. Lindsay
United States District Judge