IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MEGATEL HOMES, LLC; MEGATEL HOMES II, LLC; and MEGATEL HOMES III, LLC,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:20-CV-00688-L** |
| **MEHRDAD MOAYEDI; UNITED DEVELOPMENT FUNDING, L.P.; UNITED DEVELOPMENT FUNDING II, L.P.; UNITED DEVELOPMENT FUNDING III, L.P.; UNITED DEVELOPMENT FUNDING IV; UNITED DEVELOPMENT FUNDING INCOME FUND V; UMT SERVICES INC.; UMT HOLDINGS, L.P.; HOLLIS GREENLAW; THEODORE F. ETTER; BENJAMIN WISSINK; and BRANDON JESTER,** | § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants United Development Funding, L.P., United Development Funding II, L.P., United Development Funding III, L.P., United Development Funding IV, United Development Funding Income Fund V, UMT Services Inc., UMT Holdings, L.P., and Theodore F. Etter's Motion to Dismiss (Doc. 18), filed May 18, 2020. After careful consideration of the motion, briefs, pleadings, and applicable law, the court, for the reasons stated herein, **grants in part** Defendants' Motion to Dismiss (Doc. 18), and **grants** Plaintiffs leave to **amend** their Original Complaint ("Complaint") (Doc. 1). The amended pleading must be filed by **November 29, 2021**.

**Memorandum Opinion and Order - Page 1**

I. **Factual and Procedural Background**

On March 20, 2020, Plaintiffs Megatel Homes, LLC, Megatel Homes II, LLC, and Megatel Homes III, LLC (collectively, "Plaintiffs" or "Megatel"), filed their Complaint (Doc. 1) against Defendants Mehrdad Moayedi ("Mr. Moayedi"), United Development Funding, L.P., United Development Funding II, L.P., United Development Funding III, L.P., United Development Funding IV, United Development Funding Income Fund V, UMT Services, Inc., UMT Holdings, L.P. (collectively, "UDF"), Hollis Greenlaw ("Mr. Greenlaw"), Theodore F. Etter ("Mr. Etter"), Benjamin Wissink ("Wissink"), and Brandon Jester ("Mr. Jester"). This case arises out of an alleged scheme by Mr. Moayedi and UDF to defraud Megatel. Accordingly, Plaintiffs assert the following seven claims against UDF and Messrs. Moayedi, Greenlaw, Etter, Wissink, and Jester:

1. Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a);
2. RICO, 18 U.S.C. § 1962(b);
3. RICO, 18 U.S.C. § 1962(c);
4. RICO, 18 U.S.C. § 1962(d);
5. Common Law Fraud/Fraudulent Inducement;
6. Statutory Fraud; and
7. Aiding and Abetting Fraud.

*See* Pls.' Compl. 22-26.

The facts as alleged by Megatel are as follows: United Development Funding, L.P. was founded by Messrs. Greenlaw and Etter in 2003 as an investment fund to finance residential development projects. *Id.* at 2, ¶ 2. Between 2003 and 2014, Messrs. Greenlaw and Etter created the other UDF entities for the same purpose. *Id.* From UDF's inception, Centurion American Custom Homes ("Centurion") and its affiliates, all land development companies, were some of

**Memorandum Opinion and Order - Page 2**

UDF's largest borrowers—at one point constituting over one-half of the portfolios of the latter UDF iterations. *Id.* ¶ 3. Centurion and each of its affiliate entities are "companies founded, operated, and controlled by Defendant Moayedi." *Id.* During this time, "Centurion frequently contracted with Megatel to serve as a primary builder on land development projects predominately financed by UDF." *Id.* ¶ 4. By 2011, however, Centurion and UDF had experienced financial trouble because of the Great Recession, so Mr. Moayedi and UDF "surreptitiously and behind closed-doors schemed to keep themselves afloat." *Id.* ¶ 5. In short, Mr. Moayedi "fraudulently induced" Megatel to enter into various real estate contracts and amendments to obtain "earnest money and other benefits from Megatel" to repay his UDF loans. *Id.* at 3, ¶ 6. Additionally, UDF operated a "Ponzi-like scheme," under which it used "freshly-raised capital in newer funds to pay investors in older funds." *Id.* ¶ 7. As part of this scheme, a newer UDF fund would loan Centurion money "ostensibly" for a particular development project, and Centurion would use those funds to repay a loan from an older UDF fund. *Id.* "The older UDF fund, in turn, used this money to pay distribution to its investors, thereby concealing the failure of the loans made by the older fund." *Id.* Ultimately, Mr. Moayedi and UDF "syphoned hundreds of millions of dollars off loans intended for the development of projects for which Megatel had contracted for their own personal enrichment." *Id.* at 4, ¶ 9.

In their Motion, UDF and Mr. Etter ("Defendants") seek dismissal of Megatel's claims because, according to them, they are barred by the Private Securities Litigation Reform Act ("PSLRA"). Additionally, Defendants contend that Plaintiffs' claims should be dismissed because the Complaint fails to allege (1) a pattern of racketeering activity; (2) a RICO enterprise; (3) a RICO conspiracy; and (4) aiding and abetting. Defendants also contend that Megatel fails to comply with Federal Rule of Civil Procedure 9(b). Additionally, UDF and Mr. Etter assert that

the court should require Megatel to file a RICO case statement if they are permitted to replead their claims.

Megatel responds that their claims are not barred by the PSLRA. Additionally, Plaintiffs contend that they have sufficiently pleaded each of the claims alleged in their Complaint, and that a RICO case statement is unnecessary. Alternatively, in the event that the court identifies deficiencies in their pleadings, Megatel requests leave to amend.

## II.     Standards

### A.  Rule 12(b)(6) – Failure to State a Claim and Statute of Limitations Defense

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading

do not allow the court to reasonably infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record."'  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth."

*Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

### B. Rule 9(b) – Heightened Standard for Pleading Fraud

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.,* No. 3:10-CV-1747-B, 2011 U.S. Dist. LEXIS 65912, at *7, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996)). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances

constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Williams*, 112 F.3d at 179).

### III. Discussion

#### A. Introduction

UDF and Mr. Etter contend that Megatel's RICO claims against them are barred by the PSLRA. Additionally, Defendants contend that the claims against them should be dismissed pursuant to Rules 12(b)(6) and 9(b). Specifically, Defendants argue that their Motion to Dismiss should be granted because, according to them, Plaintiffs fail to adequately plead a pattern of racketeering activity, a RICO enterprise, a RICO conspiracy, and an aiding-and-abetting claim.

For the reasons that follow, the court determines that Plaintiffs' aiding and abetting fraud claim fails as a matter of law and will be dismissed with prejudice. The court has identified additional pleading deficiencies regarding some of Megatel's remaining claims for alleged violations of 18 U.S.C. § 2314 (interstate transportation of stolen property) and 18 U.S.C. § 1343 (wire fraud), but these deficiencies could possibly be cured by amendment. Therefore, the court will grant in part Defendants' Motion to Dismiss, but it will allow Plaintiffs to amend their pleadings as indicated herein.

### B. The PSLRA

RICO "makes a private right of action available to '[a]ny person injured in his business or property by reason of a violation' of RICO's substantive restrictions, § 1964(c), provided that the alleged violation was the proximate cause of the injury." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) (citing *Holmes v. Sec. Inv. Prot. Crop.*, 503 U.S. 258, 268 (1992)). This right is limited, however, by Section 107 of the PSLRA, which "bar[s] civil RICO claims based on 'any conduct that would have been actionable as fraud in the purchase or sale of securities.'" *Affco Invs. 2001, L.L.C. v. Proskauer Rose, L.L.P.*, 625 F.3d 185, 189 (5th Cir. 2010) (quoting 18 U.S.C. § 1964(c)). Defendants contend that Plaintiffs' RICO claims are barred by the PSLRA, as they are based on "classic securities fraud allegations" that UDF defrauded investors. Defs.' Br. in Supp. of Their Mot. to Dismiss ("Defs.' Br.") 10. Plaintiffs respond that their RICO conspiracy claim against UDF is based on Defendants' alleged agreement to facilitate Mr. Moayedi's alleged fraudulent scheme under which *he* committed the RICO predicate offenses. *See* Pls.' Resp. 10-11. Therefore, according to Megatel, their RICO claims are not barred by the PSLRA because they would not be actionable as securities fraud. *Id.* at 11.

"Any conduct that sustains a securities fraud Ponzi scheme is intrinsically conduct undertaken 'in connection with the purchase or sale of securities' and is barred by the RICO Amendment." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 622 (S.D. Tex. 2003) (citing *Bald Eagle Area Sch. Dist. v. Keystone Fin., Inc.*, 189 F.3d 321, 330 (3rd Cir. 1999)). In their Complaint, Megatel does allege that UDF operated "as a Ponzi-like scheme," Pls.' Compl. 3, ¶ 7; however, the bases of their RICO conspiracy claim against UDF is not securities fraud. To the contrary, Megatel alleges that UDF and its principals—including Mr. Etter—facilitated Mr. Moayedi's racketeering activity and agreed to his commission of the alleged

**Memorandum Opinion and Order - Page 8**

predicate acts. *See* Pls.' Compl. 23-24, ¶ 56-57. The court thus agrees with Plaintiffs that their RICO conspiracy claim against UDF and Mr. Etter would not be actionable as securities fraud, and therefore is not barred by the PSLRA.[1]

### C. RICO Claims

To survive UDF and Mr. Etter's motion to dismiss their RICO claims, Megatel must sufficiently allege facts to support an inference of "the existence of 1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 559 (5th Cir. 2015) (citing *In re Burzynski*, 989 F.2d 733, 741 (5th Cir. 1993)) (internal quotation marks omitted). As the parties do not dispute whether Plaintiffs have adequately alleged the existence of a "person" regarding their RICO claims, the court need not address this element. Accordingly, the court proceeds to address the RICO claim elements of a pattern of racketeering activity and a RICO enterprise in turn. Furthermore, the court addresses herein Plaintiffs' RICO conspiracy claim.

#### 1. Racketeering Activity

"Racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (citing *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996)) (internal quotation marks omitted). UDF and Mr. Etter contend that Megatel fails to allege any predicate acts constituting racketeering activity against them. Defs.' Br. 12-15. Megatel argues, however, that they adequately allege that, as part of his scheme

---

[1] As the court determines that Plaintiffs' claims are not actionable as a securities fraud claim, it need not and does not address the parties' arguments regarding whether Megatel has standing to assert such a claim.

**Memorandum Opinion and Order - Page 9**

to defraud them, Mr. Moayedi—UDF and Mr. Etter's alleged coconspirator—engaged in wire fraud, mail fraud, and interstate transportation of stolen property. Pls.' Resp. 13-15.

An act committed by one conspirator is attributable to all conspirators. *Pinkerton v. United States*, 328 U.S. 640, 647 (1946); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 623 F. Supp. 2d 798, 834 (S.D. Tex. 2009) (citing *In re Performance Nutrition, Inc.*, 239 B.R. 93, 113 (Bankr. N.D. Tex. 1999)) ("Once a civil conspiracy is found, each coconspirator is responsible for any action in furtherance of the conspiracy performed by other conspirators. In other words, each action in a civil conspiracy is imputed to each coconspirator regardless of who actually performed the acts."). Megatel, therefore, can survive Defendants' Motion to Dismiss by setting forth sufficient allegations that alleged coconspirator Mr. Moayedi committed the requite predicate acts constituting racketeering activity. These predicate acts are only attributable to UDF and Mr. Etter if Megatel adequately alleges facts to support an inference that a RICO conspiracy exists. Racketeering activity means, inter alia, "any act which is indictable under . . . [18 U.S.C. §] 1341 (relating to mail fraud), section 1343 (relating to wire fraud), . . . [and] section[] 2314 [] (relating to interstate transportation of stolen property)." 18 U.S.C. § 1961(1)(B). The Rule 9(b) requirement that fraud claims be pleaded with particularity "applies to the pleading of fraud as a predicate act in a RICO claim," including mail and wire fraud. *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992).

### a. Wire Fraud Under 18 U.S.C. § 1343

To survive UDF and Mr. Etter's motion to dismiss pursuant to Rule 12(b)(6) as to their wire fraud claim, Megatel must set out sufficient allegations to support an inference that there existed: "(1) a scheme to defraud and (2) the use of interstate communications in furtherance of the scheme." *United States v. Gordon*, 780 F.2d 1165, 1171 (5th Cir. 1986) (citing *United States*

*v. Cowart*, 595 F.2d 1023, 1031 n.10 (5th Cir. 1979)). Megatel adequately alleges facts to support an inference that a scheme to defraud it existed. They allege that Mr. Moayedi, along with UDF, schemed to induce them to enter into contracts with Centurion-affiliated entities to use funds provided by Megatel to "prop each other up," instead of performing under the contracts. Pls.' Compl. 4, ¶ 9; 8-21, ¶ 35. Megatel fails, however, to allege any facts that allow the court to reasonably infer the use of interstate communications in furtherance of the scheme alleged. Moreover, Megatel's pleadings fail to comply with Rule 9(b) on this issue. "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Servs.*, 975 F.2d at 1139 (citation omitted). As Defendants point out, "Megatel does not specifically identify how or when Moayedi fraudulently used the wires in the 39 predicate acts it alleges in the Complaint." Defs.' Reply 6. Plaintiffs, therefore, fail to state a claim for wire fraud with sufficient particularity to survive Defendants' Motion to Dismiss pursuant to 12(b)(6) or 9(b).

### b. Mail Fraud Under 18 U.S.C. § 1341

To survive Defendants' motion to dismiss pursuant to Rule 12(b)(6) as to their mail fraud claim, Megatel must set out sufficient allegations to support an inference that Defendants or their alleged coconspirator, Mr. Moayedi: (1) "having devised or intending to devise any scheme or artifice to defraud," (2) used the mail "for the purpose of executing such scheme or artifice or attempting so to do." *See Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008) (citing § 1341). As previously discussed, Megatel has adequately alleged that UDF and Mr. Moayedi devised a scheme to defraud them. Additionally, Megatel has alleged sufficient facts to support an allegation that Mr. Moayedi used the mail to execute that scheme. Plaintiffs allege that Mr.

**Memorandum Opinion and Order - Page 11**

Moayedi sent or caused a Centurion-affiliate entity to send letters to induce them to enter into contracts he did not intend to perform under or terminate those contracts in furtherance of the alleged scheme. *See* Pls.' Compl. ¶ 35n, aa, bb, ii, and jj. Megatel has also pleaded each of the alleged predicate acts of mail fraud with adequate particularity to allow the court to reasonably infer the "who, what, when, where, and how" of each act. *See id.*; *see also Benchmark Elecs., Inc.*, 343 F.3d at 724. Therefore, Megatel alleges sufficient facts with particularity to allow the court to reasonably infer that Mr. Moayedi committed mail fraud, and, thus, survives UDF and Mr. Etter's motion to dismiss pursuant to Rule 12(b)(6) and 9(b) as to this claim.

### c. Interstate Transportation of Stolen Property Under 18 U.S.C. § 2314

To survive UDF and Mr. Etter's motion to dismiss pursuant to Rule 12(b)(6) as to their interstate transportation of stolen property allegation, Megatel must set forth sufficient allegations to support an inference that Defendants, or one of their alleged coconspirators, engaged in "(1) the interstate transportation of (2) goods, merchandise, wares, money, or securities valued at $5,000 or more and (3) with knowledge that such items have been stolen, converted, or taken by fraud." *United States v. Onyiego*, 286 F.3d 249, 253 (5th Cir. 2002). Defendants contend that Plaintiffs do not allege any facts regarding "who transported or received what (goods, merchandise, wares, money, or securities) through interstate commerce, how they did it, or when they did it." Defs.' Br. 14. Megatel, however, has alleged facts to support an inference that money valued at $5,000 or more was knowingly stolen, converted, or taken by fraud, satisfying the latter elements of this claim. *See* Pls.' Resp. 14. Megatel has alleged facts sufficient to support an inference that alleged coconspirator Mr. Moayedi fraudulently induced them to enter into several contracts under which they paid entities affiliated with him several million dollars in earnest money that he ultimately

converted for his own enrichment,[2] *see* Pls.' Compl. 4, ¶ 9; 8-21, ¶ 35, however, Megatel fails to allege any facts to support an inference that any of this money was transported interstate. As Defendants assert, "Megatel simply states in a bald and conclusory fashion that Moayedi and the other defendants transported and/or received in interstate commerce more than $5,000 that was allegedly stolen, converted, or taken by fraud." Defs.' Br. 14. (citing Pls.' Compl. 8, ¶ 33). The court agrees with Defendants UDF and Mr. Etter's assertion *to the extent* that Megatel offers mere conclusory statements regarding Defendants (or Mr. Moayedi) allegedly transporting or receiving more than $5,000 in interstate commerce. Conclusory allegations are not a sufficient basis for a court to draw inferences. *See Phillips*, 401 F.3d at 642. As such, Megatel fails to adequately plead enough facts to support an inference that Defendants or their alleged coconspirators committed interstate transportation of stolen property.

### 2. Pattern of Racketeering

To survive Defendants' Motion to Dismiss, Plaintiffs must adequately plead a "pattern of racketeering activity." *See Abraham*, 480 F.3d at 355 (citing *Word of Faith*, 90 F.3d at 122). To adequately plead a RICO pattern, Plaintiffs must also show "that the predicate[] [acts] themselves amount to, or [] otherwise constitute a threat of, *continuing* racketeering activity." *H.J. Inc. v. Northwest Bell Tel. Co.*, 492 U.S. 229, 240 (1989) (emphasis in original). "'Continuity' is both a closed and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241; *Abraham*, 480 F.3d at 355. Megatel can demonstrate open-ended continuity by either establishing a "specific

---

[2] More precisely, Megatel contends that Mr. Moayedi caused the fraudulent conversion of $1,300,000 in earnest money on the Creeks of Legacy contract and $500,000 they refunded to Centurion on the Little Elm contract. Pls.' Compl. 17, ¶ 35bb; 20-21, ¶ 35mm.

Memorandum Opinion and Order - Page 13

threat of repetition extending indefinitely into the future" or "that the predicate[] [acts] are a regular way of conducting [Defendants' or Mr. Moayedi's] ongoing legitimate business." *Word of Faith*, 90 F.3d at 122.  Alternatively, closed-ended continuity can be demonstrated through "a series of related predicate[] [acts] extending over a substantial period of time." *H.J. Inc.*, 492 U.S. at 230.  UDF and Mr. Etter contend that Plaintiffs' "allegations fall short of establishing either" open or closed-ended continuity.  Defs.' Br. 15-16.  Megatel, however, has adequately alleged facts to support an inference that Mr. Moayedi committed four predicate acts of mail fraud over a period of approximately five years, or from 2014 to 2019.  *See* Pls.' Compl. ¶ 35n, aa, bb, ii, and jj.  The Fifth Circuit has previously held that a period of "nearly four years" is a substantial period.  *United States v. Bustamante*, 45 F.3d 933, 941 (5th Cir. 1995).  Moreover, Megatel has pleaded sufficient facts to support an inference that each predicate act of mail fraud was related to Defendants and Mr. Moayedi's ongoing scheme to defraud them, demonstrating closed-ended, continuing racketeering activity.  The court, therefore, need not address whether Megatel has adequately alleged open-ended continuity.  As such, the court determines that Megatel has pleaded sufficient facts to support an inference of a pattern of racketeering activity.

### 3.  RICO Enterprise

A RICO enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961.  Generally, "[a] RICO enterprise can be either a legal entity or an association-in-fact."  *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995) (citing *Manax v. McNamara*, 842 F.2d 808, 811 (5th Cir. 1988)).  The parties dispute whether the Complaint adequately alleges a legal entity or an association-in-fact enterprise.  *See* Defs.' Br. 17-18; Pls.' Resp. 18; Defs.' Reply 8.  "A legal entity is one that has sufficient existence in legal contemplation that it can function

legally, be sued or sue and make decisions through agents as in the case of corporations." *Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998) (citation and internal quotation marks omitted). An association-in-fact enterprise, however, is "simply a continuing unit that functions with a common purpose." *Boyle v. United States*, 556 U.S. 938, 948 (2009). It need not have a hierarchical structure, fixed roles, or even a name. *Id*.

> While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, nothing in RICO exempts an enterprise whose associates engage in spurts of activity punctuated by periods of quiescence. Nor is the statute limited to groups whose crimes are sophisticated, diverse, complex, or unique; for example, a group that does nothing but engage in extortion through old-fashioned, unsophisticated, and brutal means may fall squarely within the statute's reach.

*Id.* Plaintiffs allege that Centurion and its affiliates—which Mr. Moayedi controlled—operated as a land development entity (or "unit"). *See* Pls.' Compl. 2, ¶ 3. Additionally, Megatel sufficiently alleges that Mr. Moayedi used this "unit" to induce it to enter into contracts and amendments or to terminate contracts for his own "personal enrichment," as part of the alleged scheme. *See* Pls.' Compl. 3, ¶ 3; 4-5, ¶ 8; *see generally* ¶ 35. Thus, although Plaintiffs contend that they have not specifically alleged that an association-in-fact enterprise existed, Pls.' Resp. 18, they have pleaded sufficient facts to support an inference that one existed as a matter of law. Moreover, Defendants have not cited—nor has the court found—any authority that supports their argument that Plaintiffs are required to set forth facts to support an inference that UDF and Mr. Etter, as Mr. Moayedi's alleged coconspirators, are themselves part of the alleged Centurion enterprise. There being no such requirement, the court determines that Megatel has set forth sufficient allegations to support an inference of the existence of a RICO enterprise.

**Memorandum Opinion and Order - Page 15**

### 4. RICO Conspiracy Under 18 U.S.C. § 1962(d)[3]

To state a claim under § 1962(d), Megatel must allege sufficient facts to support an inference "(1) that two or more people agreed to commit a substantive RICO offense and (2) that [UDF and Mr. Etter] knew of and agreed to the overall objective of the RICO offense." *United States v. Sharpe*, 193 F.3d 852, 869 (5th Cir. 1999) (citing *United States v. Posada-Rios*, 158 F.3d 832, 857 (5th Cir. 1998)); *Cigna Healthcare*, 781 F.3d at 203; *Chaney v. Dreyfus Service Corp.*, 595 F.3d 219, 239 (5th Cir. 2010). "[T]he core of a RICO civil conspiracy is an agreement to commit predicate acts," thus, the complaint must "allege specifically such an agreement." *Tel-Phonic Servs.*, 975 F.2d at 1140 (citation omitted). Furthermore, "a person cannot be held liable for a RICO conspiracy 'merely by evidence that he associated with other . . . conspirators or by evidence that places the defendant in a climate of activity that reeks of something foul.'" *Chaney*, 595 F.3d at 239 (quoting *Posada-Rios*, 158 F.3d at 857) (citing *Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534 (5th Cir. 2007)). "Direct evidence of agreement is unnecessary: 'proof of such an agreement may rest upon inferences drawn from relevant and competent circumstantial evidence ordinarily the acts and conduct of the alleged conspirators themselves.'" *United States v. Elliott*, 571 F.2d 880, 903 (5th Cir. 1978) (quoting *United States v. Morado*, 454 F.2d 167, 174 (5th Cir. 1972)); *Ranieri v. AdvoCare Int'l, L.P.*, 336 F. Supp. 3d 701, 717 (N.D. Tex. 2018).

---

[3] Defendants UDF and Mr. Etter argue that Megatel must plead their RICO conspiracy and aiding and abetting claims in accordance with the heightened pleading requirement under Rule 9(b). This argument is moot as to the aiding and abetting claim as further discussed below. As for the RICO conspiracy claim, Defendants have not sufficiently supported their contention—nor is the court persuaded—that Plaintiffs must plead this claim under the Rule 9(b) standard.

**Memorandum Opinion and Order - Page 16**

Megatel has properly pleaded substantive RICO claims under §§ 1962(a) and (c).[4] To adequately plead a RICO conspiracy, they must still allege sufficient facts to allow the court to reasonably infer an agreement between UDF and Mr. Etters, Mr. Moayedi, and/or the other defendants to commit the alleged substantive RICO offenses. Plaintiffs have alleged facts suggesting that UDF, Mr. Etter, Mr. Moayedi, and the other defendants had financial incentives to carry out Mr. Moayedi's alleged scheme to defraud Megatel. *See* Pls.' Compl. 4, ¶ 9. To further the alleged fraudulent scheme, Megatel alleges that UDF, Mr. Etter, Mr. Moayedi, and other defendants:

> *participated in weekly meetings* and were in constant contact regarding the above-described pattern of racketeering, and agreed to facilitate the operation of the Centurion Enterprise through the above-described pattern of racketeering and for the purpose of defrauding Megatel. Among other things, *UDF and its principals facilitated the above-described pattern of racketeering by orchestrating the diversion of funds from Megatel projects, directing Moayedi to use loans from newer UDF funds to repay loans from older UDF funds, and failing to enforce personal guarantees and other rights against Moayedi to prevent the collapse of the Centurion Enterprise and to enable him to perpetrate the above-described pattern of fraud against Megatel.*

*Id.* at 24, ¶ 56 (emphasis added). These alleged facts support an inference of such requisite agreement to sustain a finding of an adequately pleaded RICO conspiracy. The court, therefore, will not grant Defendants' motion to dismiss on this ground.

### D. Aiding and Abetting[5]

In their Complaint, Megatel sets forth a claim that UDF, Mr. Etter, and other defendants aided and abetted Mr. Moayedi's alleged fraudulent scheme. *See id.* at 25-26, ¶¶ 70-72. "The

---

[4] The court previously discussed the adequacy of Plaintiffs' pleadings as to their substantive RICO claims in its Memorandum Opinion and Order (Doc. 35). The court determined therein that Megatel adequately stated claims under 18 U.S.C. §§ 1962(a) and (c). Doc. 35, 13-17.

[5] *See supra* note 3.

**Memorandum Opinion and Order - Page 17**

Texas Supreme Court 'has not expressly decided whether Texas recognizes a cause of action for aiding and abetting.'" *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 781 (5th Cir. 2018) (quoting *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224 (Tex. 2017)).  Moreover, "[w]hen sitting in diversity, a federal court exceeds the bounds of its legitimacy in fashioning novel causes of action not yet recognized by the state courts." *Id.* (citations omitted).   As such, there is no cause of action for aiding and abetting fraud under Texas law. *See In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, CIV A H-01-3624, 2006 WL 3716669, at *8 (S.D. Tex. Dec. 12, 2006), *aff'd sub nom. In re Enron Corp. Sec.*, 535 F.3d 325 (5th Cir. 2008).  Plaintiffs contend that "even if aiding and abetting is not a separate cause of action under Texas law, . . . it has long been recognized as a viable theory of participatory liability under Texas law, and it is a well-established theory of liability in the civil RICO context." Pls.' Resp. 21.  As UDF and Mr. Etter point out, however, Megatel pleaded its aiding and abetting claim, not as a "viable theory of participatory liability," *see id.*, but as "a claim for aiding and abetting common law fraud."  Defs.' Reply 9.  The court determines that Megatel's aiding and abetting fraud claim is barred as a matter of law and, therefore, it will dismiss this claim with prejudice.[6]

---

[6] Even if Plaintiffs' aiding and abetting claim were viable, the claim would be "redundant and unnecessary," as the court has previously determined that Megatel has adequately pleaded a RICO conspiracy.  *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 3:14-CV-2498-B, 2015 WL 12723054, at *13 (N.D. Tex. Mar. 12, 2015) (citing *In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, 2006 WL 3716669, at *8 n.7) ("[Plaintiff] has alleged a claim for civil conspiracy to commit fraud—which has survived Defendants' Motions to Dismiss—thus rendering its present aiding and abetting claim 'redundant and unnecessary.'").

## IV.     Amendment of Pleadings

In response to UDF and Mr. Etter's motion to dismiss, Megatel requests leave to amend their pleadings in the event the court identifies any deficiencies in their Complaint. Pls.' Resp. 23-24. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). As Plaintiffs have not previously amended their pleadings, the court determines that Defendants will not suffer undue prejudice if Megatel is permitted to amend their pleadings. Therefore, Plaintiffs will be permitted to amend their pleadings with respect to the deficiencies identified by the court. In repleading, Plaintiffs must plead sufficiently in accordance with the standards set forth in section II of this opinion.

## V.     Conclusion

For the reasons herein stated, the court **grants in part** Defendants' Motion to Dismiss (Doc. 18), and **grants** Plaintiffs leave to file an amended complaint by **November 29, 2021**.[7]

---

[7] Defendants request that the court require Plaintiffs to submit a RICO case statement if—as the court has decided—they are permitted to amend their Complaint. Defs.' Br. 23. Plaintiffs respond that such a requirement is "wholly unnecessary in this case." Pls.' Resp. 24. As the court has delineated herein the deficiencies of Megatel's Complaint, it determines that a RICO case statement is not currently necessary. Therefore, the court does not require Plaintiffs to submit a RICO case statement at this juncture.

Specifically, Plaintiffs must amend and replead their claims related to the predicate acts of wire fraud, in violation of 18 U.S.C. § 1343, and interstate transportation of stolen property, in violation of 18 U.S.C. § 2314.  If the amended pleading fails to cure the deficiencies noted by the court, Plaintiffs' deficient claims will be dismissed with prejudice pursuant to Rule 12(b)(6). Additionally, for the reasons stated herein, the court **dismisses with prejudice** Plaintiffs' aiding and abetting fraud claim, which fails as a matter of law and, thus, cannot be cured by amendment.

**It is so ordered** this 16th day of November, 2021.

Sam A. Lindsay
United States District Judge