## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **MEGATEL HOMES, LLC; MEGATEL HOMES II, LLC; and MEGATEL HOMES III, LLC,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:20-CV-0688-L-BT** |
| **MEHRDAD MOAYEDI; UNITED DEVELOPMENT FUNDING, L.P.; UNITED DEVELOPMENT FUNDING II, L.P.; UNITED DEVELOPMENT FUNDING III, L.P.; UNITED DEVELOPMENT FUNDING IV; UNITED DEVELOPMENT FUNDING INCOME FUND V; UMT SERVICES INC.; UMT HOLDINGS, L.P.; HOLLIS GREENLAW; THEODORE F. ETTER, BENJAMIN WISSINK; and BRANDON JESTER,** | § § § § § § § § § § § § § § § | |
| Defendants. | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are Defendants' Motion for Leave to File Documents Under Seal and Brief in Support ("First Motion to Seal") (Doc. 210), filed on March 8, 2024; Nonparties First Continental Investment Co., Ltd and FC-IV Financial LLC's Motion to Proceed Without Designating Local Counsel and Brief in Support (Doc. 222), filed on March 12, 2024; Plaintiffs' Motion to Limit the Testimony of Michelle Tran ("First Motion to Strike") (Doc. 228), filed on March 15, 2024; Plaintiffs' Motion To Limit The Expert Opinions Of Scott Hakala ("Second Motion to Strike") (Doc. 230), filed on March 15, 2024; Plaintiffs' Motion for Leave to File Documents Under Seal and Brief in Support ("Second Motion to Seal") (Doc. 231), filed on March 15, 2024; Motion to Exclude Opinions, Testimony, and Expert Reports of Jim Goodrich

("Third Motion to Strike") (Doc. 233), filed on March 15, 2024; UDF Defendants' Motion to Strike Certain Opinions of Robert Manz ("Fourth Motion to Strike") (Doc. 235), filed on March 15, 2024; Motion to Exclude Opinions, Testimony, and Expert Reports of Robert Manz ("Fifth Motion to Strike") (Doc. 237), filed on March 15, 2024; and Defendant Mehrdad Moayedi's Motion for Leave to File Documents Under Seal in Support of His Response to Plaintiff's Motion to Limit the Expert Opinions of Scott Hakala ("Third Motion to Seal") (Doc. 274), filed on April 5, 2024.

For the reasons herein stated, the court **denies as moot**[*] FC-IV Financial LLC's Motion to Proceed Without Designating Local Counsel and Brief in Support, **denies without prejudice** the Motions to Seal, and **denies without prejudice** the Motions to Strike.

## I.    Analysis

### A.  Motions to Strike

On March 14, 2024, the court continued "the dispositive motion deadline until thirty days after it disposes of all relevant pending motions" and vacated the trial setting.  *See* Order 6-7 (Doc. No. 227).  The court informed the parties that "it takes this position because it wants all discovery to be completed so that no party is put in a position in which a request is made pursuant to Federal Rule of Civil Procedure 56(d), and its ruling on a motion for summary judgment is further delayed." *Id.* at 7.

In the interim, the numerous discovery motions referred to the United States Magistrate Judge have been resolved. *See* Omnibus Discovery Order (Doc. 327).  As such, the court will issue a scheduling order setting briefing deadlines for all dispositive motions and setting pretrial deadlines. The dispositive motions deadline will control with respect to summary judgment

---

[*] This motion relates to the Motion to Quash, which has already been decided by Magistrate Judge Rutherford.

motions and motions challenging the opinions, testimony, and reports of experts, as in this case, the two are inextricably intertwined.

To allow the court to consider the summary judgment motions and challenges to experts concomitantly, minimize unnecessary work, and promote judicial efficiency, the court **denies without prejudice** the Motions to Strike. The parties may refile these motions in conjunction with their summary judgment motions.

### B. Motions to Seal

In the First Motion, Defendants United Development Funding, L.P., United Development Funding II, L.P., United Development Funding III, L.P., United Development Funding IV, United Development Funding Income Fund V, UMT Services, Inc., and UMT Holdings, L.P., Hollis Greenlaw, Theodore F. Etter, Benjamin Wissink, and Brandon Jester, (collectively, "UDF" or "UDF Defendants") and Mehrdad Moayedi, ("Mr. Moayedi") request that the court grant them leave to file under seal Confidential Exhibits A-5 and A-7. They state that Exhibits A-5 and A-7 are "Plaintiffs' expert report and supplement expert report that rely upon and necessarily discloses Plaintiffs' financial information." Doc. 210 at 3. UDF contends that the information it seeks to seal "discloses financial data and other business information that Plaintiffs have designated as confidential" and may give Plaintiffs' competitors "an unfair competitive advantage by having access to such information." *Id.*

In the Second Motion, Plaintiffs Megatel Homes, LLC, Megatel Homes II, LLC, and Megatel Homes III, LLC (collectively, "Megatel Plaintiffs" or "Megatel") request that the court grant them leave to file under seal Appendix in Support of Plaintiffs' Motion and Brief to Limit the Testimony of Scott Hakala. Plaintiffs contend that the information it seeks to seal "includes confidential methodology/analysis and confidential financial and business information, including

confidential expert information" and that the information is not public information. Doc. 231 at 3. Further, they contend that "the parties and expert's competitors would gain an unfair competitive advantage by having access to such information." *Id.*

In the Third Motion, Mr. Moayedi requests that the court grant him leave to file under seal Confidential Exhibit 1-A. He contends that Exhibit 1-A "discloses financial data and other business information that Megatel designated as confidential," which is non-public information. Doc. 274 at 3. Further, he contends that "Megatel's competitors may gain an unfair competitive advantage by having access to such information." *Id.*

In making the determination of which records to seal, the court must apply a balancing test. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (citations omitted). Under this strict balancing test, the court must undertake a case-by-case, document-by-document, line-by-line analysis. *Id.* (quotation marks and citations omitted). When the court seals a document, the sealing must be explained at "a level of detail that will allow" the appellate court to review the court's decision. *Id.* (internal quotation marks and citations omitted). The court is unable to conduct this type of analysis because of the broad requests made by the parties in each of the Motions to Seal. While all three of the Motions to Seal are filed by different parties, the language contained within them are mirror images of each other. The parties do not state with specificity the content that they request be sealed.

Merely requesting that a document be sealed is not specific enough for the court to make a determination. Further, the documents the parties request be sealed are so voluminous that it would be laborious for the court to perform its duty of applying the balancing test. In the First Motion, UDF requests that the court seal *two* six-page documents; in the Second Motion, Megatel requests that the court seal a 452-page document; and in the Third Motion, Mr. Moayedi

requests that the court to seal a 321-page document. The requests do not comply with the authority cited herein and in its scheduling order. As a result, the court cannot perform its duty and, therefore, is not able to grant the Motions to Seal.

## II.    Conclusion

Accordingly, for the reasons stated, the court **denies as moot** FC-IV Financial LLC's Motion to Proceed Without Designating Local Counsel and Brief in Support (Doc. 222), **denies without prejudice** the Motions to Seal (Docs. 210, 231, and 274), and **denies without prejudice** the Motions to Strike (Docs. 228, 230, 233, 235, and 237). If the parties wish to refile a motion to seal confidential information, they must identify with specificity all information they wish to have sealed. This means that the parties must identify by page and line number any information they want placed under seal.  Further, as it relates to the Motions to Strike, the parties may refile these motions in tandem with their summary judgment motions if they wish to do so.

**The court puts the parties on notice that any motion requesting that a document or a portion of a document be filed under seal must comply with the authority herein cited as well as any other applicable authority. Further, the attorneys are directed to explain specifically how and why their motion complies with the authority set forth in this Memorandum Opinion and Order. Failure to follow this directive will result in the denial of the motion. This is the last chance that the parties will be given to comply with the relevant law regarding the filing of sealed documents.**

**It is so ordered** this 28th day of January, 2025.

Sam A. Lindsay
United States District Judge