IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MEGATEL HOMES, III, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:20-cv-688-L-BT |
| § | |
| MEHRDAD MOAYEDI, et al., § | |
| § | |
| Defendants. § | |

## ORDER

Before the court is UDF Defendants' Application for Attorneys' Fees Concerning Motion to Enforce Megatel's Compliance with Omnibus Discovery Order (the "Fee Application") (Doc. 383).[1] On July 2, 2025, the court referred the Fee Application to United States Magistrate Judge Rebecca Rutherford who issued her Findings, Conclusions and Recommendation ("Report") (Doc. 399) on October 16, 2025, recommending the court grant the Fee Application, with certain modifications, and award the UDF Defendants $156,067.50 in attorney's fees as a sanction for Megatel's discovery abuses. Megatel has filed objections to the Report ("Objections") (Doc. 402), to which the UDF Defendants have filed a response (Doc. 403).

For the reasons herein explained, the court **overrules** Megatel's Objections and **accepts** the Report recommending that the court grant the Fee Application, with certain modifications, and award the UDF Defendants $156,067.50 in attorney's fees.

**I.    Background Facts and Procedural History**

On June 9, 2025, the magistrate judge granted in part UDF's Motion to Enforce Megatel's Compliance with Omnibus Discovery Order. *Megatel Homes III, LLC v. Moayedi*, 2025 WL 1638927 (N.D.

---

[1] "UDF Defendants" refers collectively to Defendants United Development Funding, L.P.; United Development Funding II, L.P.; United Development Funding III, L.P.; United Development Funding IV; United Development Funding Income Fund V; UMT Services, Inc.; UMT Holdings, L.P.; Hollis Greenlaw; Theodore F. Etter; Benjamin Wissink; and Brandon Jester. The court sometimes refers to the entity Defendants as "UDF."

Order – Page 1

Tex. June 9, 2025) (the "Enforcement Order"). As a sanction for Megatel's failure to comply with the Omnibus Discovery Order, the magistrate judge ordered "Megatel to pay the UDF Defendants their reasonable attorney's fees and costs incurred in preparing and filing both the UDF Defendants' Motion to Compel, as supplemented, and the UDF Defendants' Motion to Enforce, as well as the reply briefs and appendices in support of each of these motions." *Id.* at *10 (collectively, the "Filings").[2] The magistrate judge further ordered the UDF Defendants to file a fee application "supported by documentation evidencing the 'lodestar' calculation, including affidavits and detailed billing records, and citations to relevant authorities and [to] set forth the itemized number of hours expended in connection with the recoverable attorney's fees described above as well as the reasonable rate(s) requested," which was to include "a request for recovery of the fees incurred in preparing and filing this fee application itself." *Id.*

The UDF Defendants filed their Fee Application, *see* Doc. 383, supported by the Declaration of Taj Clayton (Doc. 385 at 4-12, sealed) and extensive billing records (Doc. 385 at 13-179, sealed) requesting an award of $400,199.60 in attorney's fees for 446.5 hours of work related to the Filings and Fee Application. This amount represented a lodestar of $500,249.50 minus a "20% reduction" to account for block billing. Fee Application at 10. Megatel filed a response in opposition, *see* Doc. 392, supported by the Declaration of Jeffrey M. Tillotson (Doc. 393 at 3-11), arguing that the UDF Defendants' award should be drastically reduced. In addition to a substantial rate reduction, Megatel sought numerous discounts: –30% for "block billing alone," –20% for excessive time billed, –20% for duplicative work, –10% for vague entries, and –10% for clerical/non-legal tasks. Resp. to Fee Application at 9, 11, 12, and 13. Megatel also sought a 50% reduction of the hours spent preparing the Fee Application, claiming these hours were

---

[2] As the magistrate judge notes, although the UDF Defendants requested death penalty sanctions for Megatel's discovery violations (including an order precluding Megatel III from using or relying on Megatel I's and Megatel II's past financial performance for any purpose in this case), it was Megatel that suggested the payment of UDF's attorney's fees as a "lesser sanction" in the event the court were to determine that Megatel's conduct warranted sanctions. *See Megatel Homes III, LLC v. Moayedi*, 2025 WL 1638927, at *9 (N.D. Tex. June 9, 2025).

Order – Page 2

excessive. *Id.* at 14-15. Megatel asked the court to award either $69,285.00 (if the court applied Megatel's proposed discounts) or $277,140.00 (if the court did not apply Megatel's proposed discounts).

On October 16, 2025, the magistrate judge issued her Report, recommending that the court grant the Fee Application, with certain modifications, and award the UDF Defendants $156,067.50 in fees—an amount significantly less than both the UDF Defendants' requested award and one of Megatel's requested awards. *See* Report at 16. The magistrate judge arrived at this calculation by applying hourly rates that were lower than those proposed by Mr. Clayton in his Declaration supporting UDF Defendants' Fee Application *and* those proposed by Mr. Tillotson in his Declaration supporting Megatel's response to the Fee Application. Specifically, using what she found to be the reasonable and necessary time and hourly rates charged, applying a discount of –20% to account for block billing and an additional –5% to account for counsels' time spent on document review and clerical work, the magistrate judge determined the lodestar to be **$156,067.50**, calculated as follows:

| Name | Position | Hourly Rate | Hours Billed | Total Fees |
|---|---|---|---|---|
| Taj J. Clayton | Partner | $1,000 | 27.4 | $27,400 |
| Shayne Henry | Partner | $650 | 85.6 | $55,640 |
| Ethan Levinton | Partner | $650 | 23.8 | $15,470 |
| Reagan Chrisco | Associate | $400 | 67.9 | $27,160 |
| Dean DiBello | Associate | $400 | 133 | $53,200 |
| Wyatt Allred | Associate | $400 | 38.1 | $15,240 |
| McKenzie Aston | Associate | $400 | 13.5 | $5,400 |
| Gary Vogt | Case Manager | $150 | 27.8 | $4,170 |
| Nicholas Perrone | Paralegal | $150 | 29.4 | $4,410 |
| **Initial Totals** | | | 446.5 | $208,090 |
| **25% Discount** | | | | $52,022.50 |
| **Total** | | | | $156,067.50 |

Order – Page 3

Report at 17. After careful consideration of evidence submitted by the parties, the magistrate judge determined that the additional deductions sought by Megatel were not warranted. *Id.* at 14-15.

## II. Megatel's Objections & the UDF Defendants' Response

Megatel objects to both the magistrate judge's determination of appropriate hourly rates and the total hours expended. Obj. at 3-6. Megatel also objects that the magistrate judge only applied a 20% discount to the lodestar figure to account for block billing, rather than the 30% requested by Megatel, and failed to adequately address, or make further reductions, for, among other things, vagueness, duplication, and overstaffing. *Id.* at 6-7.

The UDF Defendants do not object to the magistrate judge's recommended substantial reduction to their requested attorney's fee award. They assert that Megatel's Objections are "another attempt by Megatel to shirk accountability for its misconduct." UDF's Resp. at 1. According to the UDF Defendants, "[e]ach of the Objections fail as a matter of law because Megatel fails to demonstrate—or even argue—that the Honorable Magistrate Judge Rutherford committed clear error or abused her discretion in calculating reasonable attorneys' fees." *Id.* More specifically, the UDF Defendants argue that Megatel's objections are without merit, and they note that the arguments in Megatel's objections are not new contentions, as they were all presented to and rejected by the magistrate judge in a thoroughly written order. *See id.* at 5-10.

## III. Discussion

As a threshold matter, the undersigned notes the Supreme Court's apt admonishment that, "A request for attorney's fees should not result in a second major litigation[,]" and "[i]deally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). As the docket sheet reflects in this almost six-year-old action, the parties are unable to agree on much. This dispute concerning attorney's fees is just another example. With this background, and with the understanding that it was Megatel that initially proposed payment of the UDF Defendants' attorney's fees as a "lesser sanction," *see supra* note 2, the court turns to Megatel's Objections.

### A. Hourly Rates

Megatel objects that the "hourly rates used in the Report are higher than applicable market rates." Obj. at 3. It argues that because "the Report also notes that even Megatel's proposed rates were 'in excess of rates recently approved' in equally or more complex cases," this "further underscores that a downward adjustment from the Report's rates findings is required to align with controlling market evidence." *Id.* at 4. Megatel also asserts that the rates set in the Report should be discounted because UDF's allegedly "premium 'national' rates should not drive the analysis." *Id.* at 5.

In response, the UDF Defendants maintain that Megatel's objections to the magistrate judge's determination of appropriate hourly rates fail because "Megatel fails to establish—or even argue—that Magistrate Judge Rutherford's findings with regard to reasonable hourly rates were clearly erroneous." Resp. at 7. The court agrees.

First, the magistrate judge did not use Mr. Tillotson's proposed rates set forth in his Declaration (which ranged from $550 for associates to $1,200 for senior partners, *see* Appendix in Support of Megatel's Response to UDF's Fee Application, Ex. A, ¶ 22). Instead, the rates she used were *lower* than those that Mr. Tillotson proposed, which aligns with her finding that his proposed rates were too high. *See* Report at 12-13. Under these circumstances, Megatel's request for a further reduction lacks traction.

Equally unavailing is Megatel's contention that the rates set in the Report should be discounted because UDF's allegedly "premium 'national' rates should not drive the analysis." Obj. at 5. The magistrate judge set forth the controlling legal standard for determining the appropriate hourly rate, stating:

> "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Hill v. Schilling*, 2022 WL 1321548, at *2 (N.D. Tex. May 3, 2022) (Lindsay, J.) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). "The relevant legal community is the community in which the district court sits." *Id.* (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)).

Report 4.

Applying this legal standard, the magistrate judge declined to apply UDF's national rates, finding that "Kirkland's national rates are not consistent with Dallas area market rates for attorneys with similar

experience, skill, and ability handling this type of litigation." *Id.* at 11. Instead, she explicitly stated that her analysis was based on "the prevailing market rates *in the Dallas legal market* for attorneys with the skill, experience, and reputation of UDF's counsel." *Id.* (emphasis added).

Finally, contrary to Megatel's argument that, with respect to hourly rates in recent Northern District cases, the magistrate judge failed to "reconconcil[e] why those figures are appropriate for discovery-motion work here[,]" Obj. at 4, the magistrate judge addresses the complexity of the work involved here concerning Megatel's failure to produce Megatel I's and Megatel II's financial documents. *See* Report at 11-12. She notes that the cases she cited as the basis for the hourly rates in her Report were "equally or more complex and similarly involve high-stakes litigation" when compared to the instant case. *See id.* Later in her Report, she also references "the complexities surrounding this case, the 17-month span of invoices at issue, and the contentious discovery dispute involved, . . ." *Id.* at 14.

For these reasons, the court **overrules** Megatel's objection to the hourly rates set forth in the Report (Objection 1).

### B. Block Billing and Addition Reductions

Megatel's Objections 2 and 3 request additional reductions beyond the 20% discount the magistrate judge applied to the lodestar figure to account for block billing. Megatel contends that a 20% reduction for block billing is inadequate in this case "given the Court's acceptance of all requested 446.5 hours," and requests an additional 10% discount for vagueness. Obj. at 5-6.[3] Megatel also argues that an additional 20% reduction for "duplication and over-staffing" is appropriate. *Id.* at 6

Here, Megatel fails to establish that the magistrate judge abused her discretion in applying a 20% discount to the lodestar figure to account for block billing.[4] As the UDF Defendants observe, Megatel actually recognizes that a 20% reduction is within the range of discounts that courts in this District typically

---

[3] The court notes that in its initial response to the Fee Application, Megatel "request[ed] a 30% reduction for block billing alone" (Megatel's Response to UDF's Application for Attorneys' Fees at 9), and an additional 10% reduction for vagueness (*id.* at 12).

[4] The extent of the magistrate judge's reduction for block-billed or vague billing entries is reviewed for abuse of discretion. *Rodney v. Elliott Sec. Sols., L.L.C.*, 853 F. App'x 922, 925 (5th Cir. 2021) (citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 803 (5th Cir. 2006)).

Order – Page 6

consider to account for block billing. *See* Obj. at 5 (Megatel noting that "Courts in this District typically reduce for block-billing between 10% and 30%."). Moreover, contrary to Megatel's assertion, the magistrate judge did address Megatel's vagueness argument. In her Report, she stated: "After considering the Billing Records and Mr. Clayton's Declaration," "no additional reduction in the requested attorney's fees [beyond 20%] is warranted based on what Megatel contends are excessive hours, or vague, duplicative, or compound block-type entries." Report at 15. Given that the magistrate judge "explain[ed] with a reasonable degree of specificity the findings and reasons upon which the award [was] based," the court finds that she did not abuse her discretion in finding that a 20% discount was sufficient. *See Rodney v. Elliott Sec. Sols., L.L.C.*, 853 F. App'x 922, 925 (5th Cir. 2021) (citations omitted).

Similarly, the court **overrules** Megatel's objection to the magistrate judge's rejection of Megatel's request for an additional 20% discount for duplication and over-staffing. In her Report, the magistrate judge noted that "Megatel objects generally that the time expended by UDF's attorneys is excessive and duplicative and the decision to staff the case with multiple partners is inefficient" and stated,

> Attached to Mr. Clayton's Declaration are Billing Records. After considering the Billing Records and Mr. Clayton's Declaration, the Court finds that UDF has met its burden of showing Kirkland exercised billing judgment. *See Saizan*, 448 F.3d at 799 ("Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant."). Here, there is sufficient evidence of a 20 percent write off, and the Court finds that no additional reduction in the requested attorney's fees is warranted based on what Megatel contends are excessive hours, or vague, duplicative, or compound block-type entries.

Report at 15.

Once again, the court finds that Megatel does not and cannot demonstrate that the magistrate judge abused her discretion here.

For these reasons, the court **overrules** Megatel's Objections.

### C.  Hours Reasonably Expended

Megatel also objects to the magistrate judge's finding that 446.5 hours was a reasonable amount of time billed by the UDF Defendants. Obj. at 5-6. In addition, UDF requests a fifty percent reduction in amounts attributable to the Fee Application itself. *Id.* at 6-7.

Order – Page 7

>   The magistrate judge found that
>
>> Given the complexities surrounding this case, the 17-month span of invoices at issue, and the contentious discovery dispute involved, the Court determines 446.5 hours is a reasonable amount of time. After reviewing the billing records and considering the history of this case, the Court finds that billing approximately 400 hours on these matters was reasonable as "the time billed was not excessive, duplicative, or inadequately documented." *See Burrell v. Akinola*, 2018 WL 259457, at *1 (N.D. Tex. Jan. 2, 2018) (Boyle, J.).

Report at 14.

Here, the magistrate judge awarded attorney's fees based on two motions, one supplemental motion, two reply briefs, the Fee Application, and five voluminous appendices. *See* Enforcement Order 10. In total, she awarded fees for preparing and filing more than 675 pages of documents related to 17 discovery requests over a 17-month period. Megatel has failed to demonstrate that the magistrate judge erred in determining 446.5 hours is a reasonable amount of time. After reviewing the billing records and considering the history of this case, the court finds that billing over 400 hours on these matters, including the hours expended on the Fee Application, was reasonable as the time billed was not excessive, duplicative, or inadequately documented.

For these reasons, the court **overrules** Megatel's Objection.

### IV.    Conclusion

Having considered the Fee Application, parties' briefs, file, record in this case, Report, Megatel's Objections, and the UDF Defendants' response, and having conducted a de novo review of that portion of the Report to which objection was made by Megatel, the court determines that the findings and conclusions of the magistrate judge are correct, and it **accepts** them as those of the court. Accordingly, for the reasons explained, the court **overrules** Megatel's Objections.

The court, therefore, **grants as modified** the UDF Defendants' Fee Application (Doc. 383) to the extent the court determines that they are entitled to and shall recover **$156,067.50** in reasonable attorney's fees against Megatel as a discovery sanction. The Fee Application is otherwise **denied**. By **February 1, 2026**, Megatel shall pay this amount to the UDF Defendants. *Megatel's failure to comply with this order*

*may result in the imposition of further sanctions against Megatel, its counsel, or both in the form of additional monetary sanctions and/or striking of pleadings.*

**It is so ordered** this 5th day of January, 2026.

                                             Sam A. Lindsay
                                             United States District Judge