IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MEGATEL HOMES, III, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:20-cv-00688-L** |
| | § | |
| **MEHRDAD MOAYEDI; UNITED** | § | |
| **DEVELOPMENT FUNDING, L.P.;** | § | |
| **UNITED DEVELOPMENT FUNDING II,** | § | |
| **L.P.; UNITED DEVELOPMENT** | § | |
| **FUNDING III, L.P.; UNITED** | § | |
| **DEVELOPMENT FUNDING IV;** | § | |
| **UNITED DEVELOPMENT FUNDING** | § | |
| **INCOME FUND V; UMT SERVICES** | § | |
| **INC.; UMT HOLDINGS, L.P.; HOLLIS** | § | |
| **GREENLAW; THEODORE F. ETTER;** | § | |
| **BENJAMIN WISSINK; and BRANDON** | § | |
| **JESTER,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are:

- Defendant Mehrdad Moayedi's Motion for Leave to File under Seal and Brief in Support (Vol I – MSJ Brief) (Doc. 410) (filed under seal); Defendant Mehrdad Moayedi's Motion for Leave to File under Seal and Brief in Support (Vol III – Motion to Exclude) (Doc. 411) (filed under seal); Defendant Mehrdad Moayedi's Motion for Leave to File under Seal and Brief in Support (Vol IVa – Motion to Exclude Appendix) (Doc. 412) (filed under seal); Defendant Mehrdad Moayedi's Motion for Leave to File under Seal and Brief in Support (Vol IVb – Motion to Exclude Appendix) (Doc. 413) (filed under seal); Defendant Mehrdad Moayedi's Motion for Leave to File under Seal and Brief in Support (Vol IIa – MSJ Appendix) (Doc. 414) (filed under seal); Defendant Mehrdad Moayedi's Motion for Leave to File under Seal and Brief in Support (Vol IIb – MSJ Appendix) (Doc. 415) (filed under seal); and Defendant Mehrdad Moayedi's Motion for Leave to File under Seal and Brief in Support (Vol IIc – MSJ Appendix) (Doc. 418) (filed under seal) (collectively, "Mehrdad Moayedi's Motions for Leave to File under Seal"), filed on March 11, 2026;

**Memorandum Opinion and Order - Page 1**

- UDF's Unopposed Motion for Leave to File Documents under Seal and Brief in Support (Doc. 420), filed March 11, 2026; UDF's Unopposed Motion for Leave to File Documents under Seal and Brief in Support (Doc. 426), filed March 11, 2026; UDF's Unopposed Motion for Leave to File Documents Under Seal and Brief in Support (Doc. 449), filed May 29, 2026; and UDF's Unopposed Motion for Leave to File Documents Under Seal and Brief in Support (Doc. 453), filed May 29, 2026 ("UDF's Motions for Leave to File under Seal");

- Plaintiff Megatel Homes III, LLC's Unopposed Motion for Leave to File under Seal and Brief in Support (Doc. 444) ("Megatel's Motion for Leave to File under Seal"), filed March 30, 2026;

After considering the motions, record, and applicable law, and for the reasons stated herein, the court **denies without prejudice** Mehrdad Moayedi's Motions for Leave to File under Seal; **grants** UDF's Motions for Leave to File under Seal; and **denies without prejudice** Megatel's Motion for Leave to File under Seal.

## I.    Relevant Background

In a prior decision in this matter, the court set forth the current legal standard in the Fifth Circuit for sealing documents during the adjudicative phase of a case. *See* Jan. 28, 2025 Order (Doc. 356) (incorporated by reference herein). In that Order, the court denied without prejudice multiple motions for leave to seal, filed by the same movants, namely, Mehrdad Moayedi ("Mr. Moayedi"), UDF[1], and Megatel Homes, III, LLC ("Megatel" or "MHIII"). *See id.* at 3-5. On January 28, 2025, as a result of the parties' grossly inadequate motions, the court denied the motions without prejudice, stating:

> The court puts the parties on notice that any motion requesting that a document or a portion of a document be filed under seal must comply with the authority herein cited as well as any other applicable authority. Further, the attorneys are directed to

---

[1] "UDF" refers collectively to United Development Funding, L.P., United Development Funding II, L.P., United Development Funding III, L.P., United Development Funding IV, United Development Funding Income Fund V, UMT Services, Inc., and UMT Holdings, L.P., Hollis Greenlaw, Theodore F. Etter, Benjamin Wissink, and Brandon Jester.

**Memorandum Opinion and Order - Page 2**

explain specifically how and why their motion complies with the authority set forth in this Memorandum Opinion and Order. Failure to follow this directive will result in the denial of the motion. This is the last chance that the parties will be given to comply with the relevant law regarding the filing of sealed documents.

*Id.* at 5.

Mr. Moayedi, UDF, and Megatel once again seek leave of court to file documents under seal. After setting forth the applicable legal standard, the court will address the motions in turn.

## II.     Legal Standard

The court "heavily disfavor[s] sealing information placed in the judicial record" and discourages such requests. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022). "The public's right of access to judicial records is a fundamental element of the rule of law. . . . Article III courts are independent, and it is particularly because they are independent that the access presumption is so vital—it gives the federal judiciary a measure of accountability, in turn giving the public confidence in the administration of justice." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (cleaned up).

Substantively, different standards exist for parties sealing their own discovery and sealing adjudicative materials. "At the *discovery* stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper." *Id.* at 420 (original emphasis). "But at the adjudicative stage, when materials enter the court record, the standard for shielding records from public view is far more arduous." *Id.*

Sealing discovery parties file with the court falls under the good cause standard. *June Med. Servs.*, 22 F.4th at 521. By contrast, for adjudicative materials, a line-by-line, page-by-page analysis of the proposed sealed documents must be undertaken. *Id.* at 521 ("To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line

balancing of the public's common law right of access against the interests favoring nondisclosure." (cleaned up)).[2]

"Under both standards, the working presumption is that judicial records should not be sealed." *June Med. Servs.*, 22 F.4th at 521 (cleaned up). "Courts should be ungenerous with their discretion to seal judicial records[.]" *Id.* (cleaned up). "And, to the extent that any sealing is necessary, it must be congruent to the need." *Id.* (cleaned up).

Here the documents at issue pertain to Mehrdad Moayedi's and UDF's respective summary judgment motions and motions challenging experts that are inextricably intertwined with the summary judgment motions, as well as Megatel's responses to these dispositive motions and UDF's reply briefs. The documents are part of motions requiring judicial resolution of the merits, rather than just discovery and, therefore, the "stricter balancing standard" applies. *See Binh Hoa Le*, 990 F.3d at 419. Thus, "the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *June Med. Servs.*, 22 F.4th at 521 (cleaned up).

### III.   Discussion

#### A.   *Mehrdad Moayedi's Motions for Leave to File Under Seal (Docs. 410, 411, 412, 413, 414, 415, and 418)*

In Mehrdad Moayedi's Motions for Leave to File under Seal, he requests that the court grant him leave to file under seal *the entirety* of his: (1) Brief in Support of Motion for Summary Judgment (Doc. 410); (2) Appendix in Support of Motion for Summary Judgment (Docs. 414, 415,

---

[2] "One explanation of the different sealing standards for discovery and judicial records is that material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Binh Hoa Le*, 990 F.3d at 419 n.31 (citation and internal quotation marks omitted).

418) (3); Motion to Exclude Opinions and Testimony of Robert Manz (Doc. 411); and (4) Appendix in Support of Motion to Exclude Opinions and Testimony of Robert Manz (Docs. 412, 413).

> In support, Mr. Moayedi asserts:

> On December 20, 2022[,] the parties filed a Confidentiality and Protective Agreement (Doc. 92, the "Agreement"), which allows a party or non-party to designate documents as "Confidential Information"—for instance "trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses." Mr. Moayedi's MSJ Brief and Motion to Exclude include extensive discussion of documents Plaintiff Megatel Homes III, LLC or non-parties Megatel Homes, LLC and Megatel Homes II, LLC designated as either "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY," and the MSJ Appendix and Motion to Exclude Appendix include attachments of the underlying documents. Mr. Moayedi respectfully requests the Court grant leave to file the MSJ Brief, MSJ Appendix, Motion to Exclude, and Motion to Exclude Appendix under seal.

See Doc. 410 at 2; Doc. 411 at 2; Doc. 412 at 2; Doc. 413 at 2; Doc. 414 at 2; Doc. 415 at 2; and Doc. 418 at 2. Mr. Moayedi further maintains that:

> Documents Mr. Moayedi must submit in support of and that are extensively discussed in the MSJ Brief and Motion to Exclude favor sealing the records. *See Cf. Seals v. Herzing Inc.-New Orleans*, 482 Fed. Appx. 893, 896 (5th Cir. 2012) (quoting *Nixon*, 435 U.S. at 597) ("In light of the parties' agreement to maintain confidentiality, the express statement that confidentiality was a material inducement . . ., the fact that 'public policy favors [the conduct] . . .,' and the limitation of the district court's order to these three exhibits, we conclude that the district court did not abuse its discretion in ordering these exhibits sealed.") (emphasis added).

See Doc. 410 at 3; Doc. 411 at 3; Doc. 412 at 3; Doc. 413 at 3; Doc. 414 at 3; Doc. 415 at 3; and Doc. 418 at 3.

Mr. Moayedi also asserts that, "[a] limitation to specific 'exhibits' would not, however, suffice or be pragmatic in this case, because the pertinent documents and discussion in the MSJ Brief and Motion to Exclude all implicate principles addressed in *Seals*—and the confidential material constitutes a substantial majority of content." *See id.*

**Memorandum Opinion and Order - Page 5**

Here, Mr. Moayedi has made little to no effort to comply with the court's January 28, 2025 Order, *supra*. In addition, he is requesting bulk sealing without any attempt to show that the sealing is "congruent to the need." *June Med. Servs.*, 22 F.4th at 521 (cleaned up). "That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record." *Id*. "While 'judges, not litigants' are tasked with determining whether to seal a document and that task ultimately requires them to undertake the case-by-case, document-by-document, and line-by-line balancing of the public's right of access against presented interests favoring nondisclosure, it is certainly within a court's discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review." *Trans Tool, LLC v. All State Gear Inc.*, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) (cleaned up) (citing *Binh Hoa Le*, 990 F.3d at 419).

When the court seals a document, the sealing must be explained at "a level of detail that will allow" the appellate court to review the court's decision. *Binh Hoa Le*, 990 F.3d at 419 (internal quotation marks and citations omitted). This court is unable to conduct this type of analysis because of the broad requests made by Mr. Moayedi. He makes no attempt to state with specificity the content that he requests to be sealed. Merely requesting that a document be sealed is not specific enough for the court to make a determination. Further, the documents and legal briefs he requests to be sealed are so voluminous (approximately 2,654 pages) that it would be judicially unfeasible for the court to perform its duty of applying the balancing test without any effort by Mr. Moayedi to conduct his own review, however arduous it may be.

For these reasons, the court **denies without prejudice** Mehrdad Moayedi's Motions for Leave to File under Seal.

**B.  UDF Defendants' Motions for Leave to File Under Seal (Docs. 420, 426, 449, 453)**

UDF has filed four motions for leave to file documents under seal. The court first addresses its Motion for Leave to File Documents under Seal and Brief in Support ("First Motion for Leave") with respect to its Motion to Strike Certain Opinions of Robert Manz ("Daubert Motion") and certain exhibits thereto. Doc. 420.

### 1.  First Motion for Leave (Doc. 420)

UDF seeks leave to file under seal Exhibits A-1, A-3, A-6, A-8, A-14, and B-1 (the "Confidential Exhibits") which were marked, or discuss data that has been marked, confidential or highly confidential by Megatel pursuant to the Parties' Protective Order and which UDF asserts contain Megatel's confidential and sensitive financial information. In addition, it seeks leave to seal narrow portions of its Memorandum of Law in Support of UDF's Motion to Strike Certain Opinions of Robert Manz that quote or contain information derived from the Exhibits referenced above.

In support, UDF states:

Exhibits A-1 and A-6 are excerpted versions of Robert Manz's two expert reports that MHIII has disclosed as evidence to prove its lost profits theory of damages. These expert reports rely on, incorporate, and therefore necessarily disclose financial data and other business information that Plaintiffs have designated as Confidential. As such, MHIII's competitors may gain an unfair competitive advantage by having access to such information.

\* \* \*

Exhibit A-3 constitutes a collection of MHIII's annual profit and loss statements and balance sheets from 2017 through 2022, produced in this litigation as "confidential." Exhibit A-8 contains eight excerpted pages of Megatel Homes, Inc. and Affiliates Combined Financial Statements for 2012 through 2018, produced in this litigation as "highly confidential." Exhibit A-14 contains five excerpted pages from the Combined Financial Statements – Modified Cash Basis and Independent Auditors' Report between Megatel Homes LLC and Affiliates, produced in this litigation as "highly confidential." UDF seeks leave to file these financial

**Memorandum Opinion and Order - Page 7**

statements under seal to prevent potential harm their public disclosure may cause to MHIII.

Doc. 420 at 2-3. UDF also seeks leave "to seal narrow portions of UDF's Memorandum of Law in Support of UDF's Motion to Strike Certain Opinions of Robert Manz that quote or contain information derived from the Exhibits referenced Above." *Id.* at 3.

Finally, as part of its First Motion for Leave, UDF seeks leave to file under seal Exhibit B-1—Michelle Tran's expert report—that UDF has disclosed as evidence to rebut Megatel's expert report. According to UDF, "Ms. Tran's report synthesizes, relies on, and necessarily discloses much of the same, and additional, non-public financial and business data that Plaintiffs have designated as Confidential. Again, disclosing this information may competitively harm the Plaintiffs." *Id.* at 4.

Unlike Mr. Moayedi, UDF has attempted to comply with the court's January 28, 2025 Order and applicable Fifth Circuit jurisprudence with respect to sealing. UDF has identified with specificity what information should be sealed, and it does not seek to seal these documents in their entirety. Instead, UDF identifies six specific documents, the particular portions to be sealed, and the confidentiality designations and legitimate reasons that warrant their sealing, including the risk that competitors may gain an unfair competitive advantage by having access to such information.

The court has conducted a page-by-page and line-by-line analysis of the above-cited exhibits and briefing. Sealing the Confidential Exhibits is warranted because the information contained therein is not of particular interest to the public. Furthermore, the Confidential Exhibits contain non-public financial information and information regarding the purpose and structure of the Megatel entities, which could be competitively sensitive. Accordingly, with respect to the documents UDF seeks to file under seal in its First Motion to Seal, the court determines that the

"interests favoring nondisclosure" outweigh the "public's common law right of access." *June Med. Servs.*, 22 F.4th at 521. Further, the court concludes that sealing is "congruent to the need." *Id.*

For these reasons, the court **grants** UDF's First Motion for Leave.

### 2.  *Second Motion for Leave (Doc. 426)*

In its Second Motion for Leave, UDF seeks leave to file under seal documents associated with its Motion for Summary Judgment ("MSJ") and certain attached exhibits. Specifically, it requests leave to file under seal Exhibits A-2, A-4, A-15, A-16, A-17, A-19, A-36, A-38, A-39, A-40, A-41, A-55, A-56, A-60, A-61, A-63, A-64, and A-65 to its Motion for Summary Judgment, each of which it asserts relates to sensitive and proprietary information, such as contract terms or investment decisions. It also seeks leave to file under seal Exhibits A-6, A-66, A-71, A-89, A-93, A-94, A-95, A-97, A-99, A-115, A-116, and A-138, which were marked confidential by Mr. Moayedi pursuant to the Parties' Protective Order, and Exhibits A-9, A-10, A-11, A-12, A-30, and A-31, which were marked highly confidential or confidential by Megatel pursuant to the Parties' Protective Order or contain Megatel's confidential and sensitive financial information. UDF also seeks leave to seal narrow portions of its Memorandum of Law in Support of UDF's Motion for Summary Judgment that quote or contain information derived from the Exhibits referenced above.

As with UDF's First Motion for Leave, UDF has complied with the court's January 28, 2025 Order and applicable Fifth Circuit jurisprudence with respect to requesting leave to file documents under seal. It has identified with specificity which information should be sealed, and it does not seek to seal these documents in their entirety. Instead, it identifies the documents, attempts to narrow in on the particular pages and excerpts to be sealed, and explains the confidentiality designations and legitimate reasons that warrant their sealing, including, without limitation, the

risk that competitors may gain an unfair competitive advantage by having access to such information.

The court has conducted a page-by-page and line-by-line analysis of the above-cited exhibits and briefing, including portions of deposition transcripts, loan agreements and documents, investment committee documents, and documents relating to day-to-day management of loans (*see* Exhibits A-2, A-4, A-15, A-16, A-17, A-19, A-36, A-38, A-39, A-40, A-41, A-55, A-56, A-60, A-61, A-63, A-64) as well as Mr. Moayedi's and Megatel's respective documents attached to UDF's Motion for Summary Judgment. The court determines, as it did with the UDF's First Motion for Leave, *supra*, that sealing the exhibits is warranted because the information contained therein is not of particular interest to the public. Furthermore, the documents contain non-public financial information and information that may be competitively sensitive and place the entities at issue at a competitive disadvantage when negotiating and managing future projects. Accordingly, the court determines that the "interests favoring nondisclosure" outweigh the "public's common law right of access." *June Med. Servs.*, 22 F.4th at 521. Further, the sealing is "congruent to the need." *Id.* For these reasons, the court **grants** UDF's Second Motion for Leave.

### 3. Third Motion for Leave (Doc. 449)

In its Third Motion for Leave, UDF seeks leave to file under seal "certain narrow portions of its Reply which contain business information that would harm MHIII's competitive standing if made public[] or were marked confidential by MHIII pursuant to the Parties' protective order, and are not of particular interest to the public." Doc. 449 at 3. UDF asserts that sealing "the information derived from these exhibits is warranted" because "the information contained therein is not of particular interest to the public"[;] and the Exhibits at issue "contain non-public accounting

information and information regarding the purpose and structure of the Megatel entities, which MHIII may view as competitively sensitive." Doc. 449 at 4.

As a threshold matter, the court notes that UDF has mistakenly filed the redacted version of its Reply under seal (*see* Doc. 500) and the unredacted version as a matter of public record (*see* Doc. 448). Nevertheless, upon review, and given the narrow request, the court determines that, with respect to the redacted information, the "interests favoring nondisclosure" outweigh the "public's common law right of access." *June Med. Servs.*, 22 F.4th at 521. This is consistent with the court's prior rulings, where it granted leave to seal similar non-public financial documents. *See* Doc. 398 (granting leave to seal two Megatel financial statements). Further, the sealing is "congruent to the need." *June Med. Servs.*, 22 F.4th at 521. The court, therefore, **grants** UDF's Third Motion for Leave. Given UDF's filing error, however, the court will direct the clerk to unseal the redacted version and to seal the unredacted version.

### 4. *Fourth Motion for Leave (Doc. 453)*

In its Fourth Motion for Leave, UDF requests that the Court grant leave to seal "certain narrow portions of its [Reply in Support of Its Motion to Strike Certain Opinions of Robert Manz] which contain business information that would harm MHIII's competitive standing if made public[] or were marked confidential by MHIII pursuant to the Parties' protective order, and are not of particular interest to the public." Doc. 453 at 3. The court has reviewed the redacted version (Doc. 451) and the unredacted version filed under seal (Doc. 454) of the reply brief. Based on a careful review, and given the narrow request, the court determines that, with respect to the redacted information, the "interests favoring nondisclosure" outweigh the "public's common law right of access." *June Med. Servs.*, 22 F.4th at 521. This is consistent with the court's prior rulings, where it granted leave to seal similar non-public financial documents. *See* Doc. 398 (granting leave to

**Memorandum Opinion and Order - Page 11**

seal two Megatel financial statements). Further, the sealing is "congruent to the need." *June Med. Servs.*, 22 F.4th at 521. The court, therefore, **grants** UDF's Fourth Motion for Leave.

### C.  Megatel's Motion for Leave to File Under Seal (Doc. 444)

Megatel requests leave to file under seal the following documents: (1) Plaintiff's Brief in Response to Defendant Mehrdad Moayedi's Motion to Exclude (Doc. 436); (2) Plaintiff's Brief in Response to the UDF Defendants' Motion to Exclude Opinions and Testimony of Robert Manz (Doc. 437); (3) Appendix in Support of Megatel's Responses in Opposition to the Motions to Exclude Opinions and Testimony of Robert Manz (Doc. 439); (4) Plaintiff's Brief in Response to Defendant Mehrdad Moayedi's Motion for Summary Judgment (Doc. 440); (5) Plaintiff's Brief in Response to the UDF Defendants' Motion for Summary Judgment (Doc. 441); and (6) Appendix in Support of Megatel's Responses in Opposition to Moayedi's and the UDF Defendants' Motions for Summary Judgment (Doc. 443).

As with Mr. Moayedi, Megatel seeks leave to file under seal *the entirety* of various responsive briefs and appendices in support. These documents total approximately 7,500 pages. In support, Megatel makes many of the same arguments as Mr. Moayedi, including that,

> [t]he Sealed Documents include extensive discussion and incorporation of materials that Plaintiff, Defendants, non-parties Megatel Homes, LLC and Megatel Homes II, LLC, and/or other non-parties have designated as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY," pursuant to the Agreement. The Daubert Appendix and the MSJ Appendix contain the underlying confidential documents themselves, and Megatel's response briefs quote from, summarize, cite to, and rely on those confidential materials throughout.

Doc. 444 at 3.

Megatel maintains that:

> The parties' Agreement and the nature and content of the Sealed Documents strongly favor permitting that they be filed under seal, just as Defendants' filings to which the Sealed Documents respond were. *See, e.g., Seals v. Herzing Inc.-New*

**Memorandum Opinion and Order - Page 12**

*Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012) (quoting *Nixon*, 435 U.S. at 597) ("In light of the parties' agreement to maintain confidentiality, the express statement that confidentiality was a material inducement . . . , the fact that 'public policy favors [the conduct] . . . ,' and the limitation of the district court's order to these three exhibits, we conclude that the district court did not abuse its discretion in ordering these exhibits sealed.")

*Id.* at 4.

Rather than conducting any analysis on a page-by-page, line-by-line basis, Megatel contends:

And notably, it is not reasonably possible to narrow or limit the Sealed Documents by redacting lines/pages and/or picking and choosing which among the documents within the appendices therein may and may not be sealed. The pertinent confidential materials and discussion are woven throughout Megatel's briefs and constitute a substantial majority of the content of the Daubert Appendix and the MSJ Appendix.

*Id.* at 5.

According to Megatel, the "public interest is minimal" while its "Daubert Appendix" and the "MSJ Appendix" "include, for instance, financial statements, internal financial information, business plans, and other non-public business information of Megatel, UDF, Centurion, and various other non-parties—including substantial confidential testimony of UDF executives." *Id*. Megatel asserts its "response briefs, in turn, quote from, summarize, and discuss those same confidential materials extensively." *Id.* In addition, Megatel states that it should be permitted to file these entire documents under seal because Mr. Moayedi and UDF filed under seal nearly the entirety of their respective briefs and appendices. *Id.*

Here, like Mr. Moayedi, Megatel has made little to no effort to comply with the court's January 28, 2025 Order, *supra*. In addition, it is requesting bulk sealing without any attempt to show that the sealing is "congruent to the need." *June Med. Servs.*, 22 F.4th at 521 (cleaned up).

When the court seals a document, the sealing must be explained at "a level of detail that will allow" the appellate court to review the court's decision. *Binh Hoa Le*, 990 F.3d at 419

**Memorandum Opinion and Order - Page 13**

(internal quotation marks and citations omitted). The court is unable to conduct this type of analysis because of the broad requests made by Megatel. It makes no attempt to state with specificity the content that it requests to be sealed. Merely requesting that an entire document or entire appendix be sealed is not specific enough for the court to make a determination. Further, the documents and legal briefs it seeks leave to file under seal are so voluminous (approximately 7,500 pages) that it would be judicially unfeasible for the court to perform its duty of applying the balancing test. The court declines to expend its scarce judicial resources reviewing 7,500 pages without any effort by Megatel to conduct its own review, however arduous the task may be.

For these reasons, the court **denies without prejudice** Megatel's Motion for Leave to File under Seal (Doc. 444).

## IV.    Conclusion

Based on the foregoing, the court:

**denies without prejudice** Mehrdad Moayedi's Motions for Leave to File Under Seal (Docs. 410, 411, 412, 413, 414, 415, and 418) and further **directs** the clerk of court to **unseal** these specific motions (**although not the exhibits thereto**), as Mr. Moayedi has failed to demonstrate that the motions themselves are properly subject to sealing or that any risk of disclosure of the contents of the motions outweigh the public's right of access;

**grants** UDF's Unopposed Motion for Leave to File Documents Under Seal and Brief in Support (Doc. 420) and **orders** that Exhibits A-1, A-3, A-6, A-8, and A-14, Exhibit B-1, and narrow portions of their Memorandum of Law in Support of UDF's Motion to Strike Certain Opinions of Robert Manz which quote or contain information derived from such Exhibits may be filed under seal;

**grants** UDF's Unopposed Motion for Leave to File Documents Under Seal and Brief in Support (Doc. 426) and orders that the following may be filed under seal: its sensitive and proprietary documents, or excerpts thereof, attached to UDF's Motion for Summary Judgment as Exhibits A-2, A-4, A-6, A-9, A-10, A-11, A-12, A-15, A-16, A-17, A-19, A-30, A-31, A-36, A-38, A-9, A-40, A-41, A-55, A-56, A-60, A-61, A-63, A-64, A-65, A-66, A-71, A-89, A-93, A-94, A-95, A-97, A-99, A-115, A-116, and A-138, and narrow portions of UDF's Memorandum of Law in Support of UDF's Motion for Summary Judgment which quote or contain information derived from the Exhibits referenced above;

**Memorandum Opinion and Order - Page 14**

**grants** UDF's Unopposed Motion for Leave to File Documents Under Seal and Brief in Support (Doc. 449), **orders** that UDF Defendants' Reply in Support of Their Motion for Summary Judgment (unredacted version) (Doc. 448), may be filed under seal, and **orders** the clerk of court to **seal** Doc. 448 and to **unseal** Doc. 450 (the redacted version of UDF Defendants' Reply in Support of Their Motion for Summary Judgment);

**grants** UDF's Unopposed Motion for Leave to File Documents Under Seal and Brief in Support (Doc. 453) and **orders** that UDF's Reply in Support of Its Motion to Strike Certain Opinions of Robert Manz (unredacted) (Doc. 454), may be filed under seal; and

**denies without prejudice** Megatel's Motion for Leave to File Under Seal (Doc. 444).

It is not incumbent on the court to "fill in the blanks" to determine whether a party has met the rigorous requirements for filing materials under seal. The attorneys for the parties must set forth the applicable facts and law upon which they rely so that the court can meaningfully determine whether the requested materials warrant being filed under seal. The court will not perform work that the attorneys are required to do, and the court does not expect any party to chide or lecture it for following the law stated by a superior court as clearly set forth in *June Medical Services* and *Binh Hoa Le*.

Pending the submission and determination of any revised motions for leave to file under seal that comply with the court's January 28, 2025 Order, this Order, Fifth Circuit authority, and Supreme Court authority, the documents filed under seal by Mr. Moayedi and Megatel shall remain temporarily under seal. One exception is Mr. Moayedi's Motions (*see* Docs. 410, 411, 412, 413, 414, 415, and 418), which the court has directed the clerk of court to **unseal**, *supra*.

Absent revised motions for leave to file under seal that comply with the court's January 28, 2025 Order, this Order, and any applicable Fifth Circuit or Supreme Court authority, which must be filed on or before **July 10, 2026**, the court will direct the clerk of court to **unseal** all

**Memorandum Opinion and Order - Page 15**

temporarily sealed documents filed by Mr. Moayedi and Megatel. Finally, the court advises the parties that any motion that seeks leave to file documents under seal in bulk (whether motions, responses, replies, or appendices), or that fails to perform the arduous process required by the Fifth Circuit—*see Binh Hoa Le*, *supra*; *June Med. Servs.*, *supra*—will be summarily denied without further opportunity to seek leave. **The court will not allow any party to continue to engage in strategies and tactics that unnecessarily consume scarce judicial resources, and no further extensions will be granted.**

      **It is so ordered** this 25th day of June, 2026.

                                      Sam A. Lindsay
                                      United States District Judge